[No. 13738. In Bank. — October 25, 1892.]

TIMOTHY PAIGE ET AL., APPELLANTS, *v.* FREDERICK ROEDING ET AL., RESPONDENTS.

JUDGMENT ROLL — JUDGMENT — FINDINGS — CONSTRUCTION OF STATUTE. — The statute in reference to the judgment roll contemplates that there shall be but one judgment and one set of findings incorporated therein.

ID. — TRANSCRIPT UPON APPEAL — CERTIFICATE OF TRIAL COURT INCONCLUSIVE — POWER OF APPELLATE COURTS. — Upon an appeal from a judgment, the appellate court is not bound by the papers found in the transcript which purport to constitute the judgment roll, nor by the certificate of the trial court that certain papers therein enumerated constitute the judgment roll. If it is contended that the judgment roll presented to the appellate court is defective or lacking in material parts, the omitted documents, if properly certified, may be brought before that court, and it will determine what constitutes the judgment roll.

ID. — PRESUMPTION UPON APPEAL — LATER JUDGMENT AND FINDINGS PRESUMED CORRECT. — Upon an appeal from a judgment, where the judgment roll consists simply of the pleadings, findings, and judgment, and

the respondents bring before the appellate court another set of findings and another judgment made and entered prior to the filing of the findings and entry of judgment contained in the transcript, asserting them to be the true findings and judgment, in the absence of any showing by bill of exceptions or otherwise, the judgment and findings later in point of time must prevail and be deemed to be the true and final judgment in the case, and it must be presumed that circumstances arose which justified the court in setting aside the first findings and judgment, and in filing the second findings and judgment.

CONTRACTS — COVENANT TO EMPLOY SUPERINTENDENT — AGENCY — LIABILITY FOR NEGLIGENCE. — Where a party to a contract covenanted to furnish a superintendent, whose duty it should be to supervise the work contracted to be performed by such contracting party, such superintendent is not thereby made the agent of the other party to the contract, nor is the party appointing the superintendent relieved from liability to the other party for loss resulting from the negligence and incompetency of the superintendent.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Pillsbury, Blanding & Hayne*, for Appellants.

The documents filed by counsel are no part of the record on appeal, and cannot be considered. (*Dimick* v. *Campbell*, 31 Cal. 240; *Sutter* v. *San Francisco*, 36 Cal. 114; *Morris* v. *Angle*, 42 Cal. 240; *Douglas* v. *Dakin*, 46 Cal. 52; *Stoddart* v. *Burge*, 53 Cal. 398; *Catanich* v. *Hayes*, 52 Cal. 338; *Spinetti* v. *Brignardello*, 53 Cal. 283; *Kelly* v. *McKibben*, 54 Cal. 194; *Karth* v. *Orth*, 10 Cal. 192; *Harper* v. *Minor*, 27 Cal. 109; *Wetherbee* v. *Carroll*, 33 Cal. 553.) As the additional record is not embodied in any bill of exceptions, it cannot be considered. (*Ingerman* v. *Moore*, 90 Cal. 411.) Even if the papers in the additional record can be considered, it must be presumed that there was good cause for the action of the trial court. (*Caruthers* v. *Hensley*, 90 Cal. 560; *People* v. *Fowler*, 88 Cal. 137; *Parker* v. *Altschul*, 60 Cal. 380; *Batchelder* v. *Baker*, 79 Cal. 267, 268; *Livermore* v. *Webb*, 56 Cal. 491, 492; *Monterey Co.* v. *Cushing*, 83 Cal. 509; *Crim* v. *Kessing*, 89 Cal. 484; *Drake* v. *Duvenick*, 45 Cal. 455.)

*Rosenbaum & Scheeline,* for Respondents.

After findings were filed and judgment entered, the court had no authority to set aside or change the judgment, except on motion for a new trial. (*Carpenter* v. *Superior Court San Joaquin Co.,* 75 Cal. 596; *Prince* v. *Lynch,* 38 Cal. 530; 99 Am. Dec. 427; *Carpentier* v. *Gardiner,* 29 Cal. 161.)

GAROUTTE, J. — This was an action to recover certain sums of money from the defendants, Roeding, Perkins, and Richardson, as stockholders of the Wheeler Fruit Packing Company, a corporation. Plaintiffs appealed from the judgment rendered by the trial court, and the case is now before us upon a judgment roll containing no bill of exceptions, but consisting simply of the pleadings, findings and judgment. Subsequently to the filing of the transcript, respondents brought to this court another set of findings and another judgment made and entered in the same cause several months prior to the filing of the findings and entry of the judgment found in the transcript, and now assert them to be the true findings and judgment, and ask that they be inserted in the transcript as part of the judgment roll and in lieu of the judgment and findings now therein contained. Plaintiffs have appealed from the judgment set out in the transcript, and if that judgment constitutes no part of the judgment roll, but is to be displaced by this prior judgment, then this appeal must fall, for it will have no foundation upon which to rest.

This brings us to the question, What constitutes the judgment roll in this case? In other words, which set of findings and which judgment form part of the judgment roll? — for the statute clearly contemplates that there shall be but one judgment and one set of findings incorporated therein. Upon an appeal from a judgment, this court is not bound by the papers found in the transcript which counsel claim constitute the judgment roll, neither is it foreclosed by the certificate of the clerk of the trial court that certain papers

therein enumerated form the judgment roll. If opposing counsel contend that the judgment roll presented to this court is defective or lacking in material parts, he is entitled to bring such omitted documents, properly certified, before this court, and it then becomes the duty of the court to determine, from all the record before it, what constitutes the judgment roll in the case.

The matter here to be determined presents but little difficulty; we have nothing before us but the two judgments of the court, and the later in point of time must prevail, and in the absence of some further showing, by bill of exceptions or otherwise, must be deemed the true and final judgment in the case. As was said in *Caruthers* v. *Hensley*, 90 Cal. 560: "If any matters could have been presented to the court below which would have authorized the entry of this judgment, it will be presumed on this appeal, in support of the judgment, that such matters were so presented, and that the judgment was entered in accordance therewith." In *Parker* v. *Altschul*, 60 Cal. 380, it is said: "All presumptions are in favor of the correctness of the proceedings of courts of general jurisdiction, and as the consent of the defendants would have justified the order of the court, we must presume that such consent was given, there being nothing in the record to show that it was not." Circumstances may have arisen wherein the trial court would have been justified, under the law, in setting aside the first findings and judgment, and in filing the second findings and judgment; and with no showing to the contrary, we must assume that such circumstances did arise. Under the present showing, the judgment in the transcript is as much a part of the judgment roll as the last amended complaint or answer would be a part of the judgment roll. This court would assume, in the absence of something to the contrary, that the last pleading filed was regularly filed, and should be the pleading incorporated as a part of the record. Upon an examination of the findings and conclusions of law set out in the transcript, it is apparent that they form the foundation for the

judgment therein contained, and such being the fact, they also are a part of the judgment roll.

As already suggested, we find no bill of exceptions in the record, and it is only upon a bill of exceptions that we would be allowed to examine into the sufficiency of the reasons which moved the court to set aside and declare void its first judgment rendered in the case. Its order may have been erroneous or it may have been entirely void, but the matter is not a proper subject of inquiry before us, not having been presented for review in any form authorized by the statute. (See *Ingerman* v. *Moore*, 90 Cal. 426.)

This was an action for damages, brought by the parties of the second part to a certain contract, against the stockholders of the Wheeler Fruit Packing Company, the party of the first part, and is based upon the alleged violation by said packing company of some of the covenants in the contract contained. One of the covenants entered into by said packing company was as follows: "The party of the first part agrees to furnish a superintendent in the person of Mr. Richard Wheeler, whose duty it will be to supervise the packing, preparing, cooking, and putting up the fruit preparatory to shipment, according to the Wheeler process." From the foregoing provision of the contract the court concluded, as matter of law, "that the effect of said contract was to make the said Wheeler the agent of plaintiffs as well as of said corporation, and that therefore plaintiffs are not entitled to recover of defendants the damage sustained by them by reason of the said carelessness and negligence of said Wheeler." The findings of fact and conclusions of law clearly indicate that Wheeler was incompetent and negligent in the conduct of the business, and that heavy losses were sustained to plaintiffs by reason thereof. We are satisfied that the conclusion of law by the court that Wheeler was the agent of both parties is erroneous, and it necessarily follows that its judgment upon the merits of the cause cannot be supported. Wheeler was not the agent of the plaintiffs, but he was the moving

spirit, — the president of the corporation, — and was placed in charge of the business of the corporation under its covenant in the contract. It was the duty of the corporation, through Wheeler, under the contract, to superintend the cooking and otherwise preparing of this fruit for shipment, — a duty which it failed to perform. Owing to the negligence and incompetency of Wheeler, the fruit was never in a condition for shipment. The court finds that it was spoilt. And the fact that the corporation designated in the contract the particular party whom it was intending to place in charge of the business of preparing this fruit is entirely immaterial. As counsel for appellants aptly suggest: "Let us suppose that Wheeler himself was the party to this contract, instead of the corporation, and covenanted that he would supervise the preparing of this fruit for shipment." Upon principle, the case would be identical with that at bar, yet such conditions would in no sense make him an agent for the other parties to the contract, and thus relieve him from all responsibility to them for neglect and incompetency in the performance of the duties which he agreed, under the terms of the contract, to perform. Again, if the corporation had agreed to furnish a superintendent, but had not named him in the contract, it was bound to furnish a competent superintendent; in other words, the negligence of the superintendent would be its negligence, and the responsibility for his acts would in no degree attach to the other parties to the contract.

While the findings are probably sufficient to justify a judgment for appellant, yet the proceedings of the trial court took a somewhat novel course, and we think the interests of justice would be best subserved by simply reversing the judgment, and ordering a new trial of the cause.

It is so ordered.

HARRISON, J., PATERSON, J., BEATTY, C. J., DE HAVEN, J., and SHARPSTEIN, J., concurred.