CONLEY, P. J.
 

 The failure of the appellants to furnish this court with a complete transcript of evidence to support the positions taken by them permeates the entire appeal. As developed during this opinion, if all of the evidence received by the trial court had been incorporated in the reporter’s transcript, it is possible that a different view of one or more of
 
 *314
 
 the issues would have been developed to the extent of requiring a reversal of the judgment, but the failure of appellants to procure an adequate transcript makes requisite an affirmance.
 

 Plaintiff pump company sued the ranch partnership, together with the general partners, in two causes of action. The first was on a specific written contract for the installation of a pump on the defendants’ ranch in San Luis Obispo County; this count was dismissed on motion of appellants at the close of respondent’s case on the ground that there had been a complete payment under the agreement alleged.
 

 The second cause of action was a common count for goods, services and materials furnished by the plaintiff to the defendants at their request. The amount claimed to be due in the pleading was $12,562.75, plus interest at 7 percent per annum from November 1, 1962, being for goods and services furnished while installing a pump for the development of a well on the San Luis Obispo property. The defendants filed a cross-complaint, which, in due course, was amended; the cross-complainants were Richard D. Walker, Jack 0. Nutter, W.A.P.A. Corporation, and Owanu, Inc., as general partners of El Chicote Ranch Properties, Ltd. Negligence of the plaintiff and cross-defendant was alleged and damages in the sum of $36,301.15 were sought for loss of the well. The jury found in favor of plaintiff and against “defendant, counter-claimant, and cross-complainant, El Chicote Ranch Properties, Ltd.,” for the amount of $9,566.84, this being the exact amount billed in detail by the plaintiff on one occasion. Pursuant to the requirement of section 664 of the Code of Civil Procedure, the county clerk, within 24 hours thereafter, filed a judgment based on the verdict for $9,566.84, plus costs in the amount of $282.60. Two days later, the trial judge filed a document entitled “Judgment by Court Upon the Jury Verdict,” in which it was stated that the jury had rendered a verdict in favor of plaintiff in the amount of $9,566.84, and that judgment was granted to the plaintiff against the defendants for that amount, together with interest accumulated from November 2, 1962, in the additional amount of $3,063.60, and for costs. In connection with the appeal, the appellants did not request an entire reporter’s transcript. On the contrary, although the ease lasted several days, the only portion of the reporter’s notes which the appellants sought to have transcribed were the “oral proceedings
 
 *315
 
 had in the courtroom when the jury brought in an incomplete verdict on December 6, 1966. ” At that time, the appellants complied with the requirement of rule 4(b) of the California Rules of Court by stating in their request for a partial reporter’s transcript: ‘ ‘ The points sought to be raised by Appellants on this appeal are as follows:
 

 “1. The verdict is against the law, in that the Jury made no finding whatsoever on the Cross-Complaint and failed to make findings of any kind as to all of the Defendants to the Complaint.
 

 “2. Prejudicial error occurred through misconduct of counsel for Plaintiff during argument to the Jury.
 

 “3. The Court erred in awarding pre-judgment interest, the only cause of action tried in this case being in Quantum Meruit.”
 

 This reservation of points served only to keep open the contention of the appellants that the trial court erred in allowing interest, but obviously the reservation of the point did not serve to supply this court with evidence to establish the point.
 

 The three major contentions made by appellants on this appeal are the three points quoted above.
 

 One contention is that prejudicial error was committed when counsel for appellants accused certain witnesses for respondent of perjury; it is said by appellants that, in addressing the jury, the attorney for respondent expressed “great indignation that counsel for appellants should impute perjury to the said witnesses,” and that after respondent's counsel had repeated the word “perjury” for the third time, appellants’ counsel objected, and the court instructed respondent’s attorney to refrain from further remarks of such nature. The attorney for appellants says, “It was improper conduct and unmistakably an appeal to the passion and prejudice of the jury. ’ ’ After the judgment was entered, Michael J. Pasman, attorney for defendants, filed an affidavit in which he stated that, as attorney, he had made fair comment to the jury with respect to the employer-employee relationship between the plaintiff and the witnesses, and that counsel for the respondent in rebuttal incorrectly said that Mr. Pasman had accused those witnesses of perjury. As already stated, there is no reporter’s transcript, except for a small part of the proceedings which did not include the arguments of counsel at the trial.
 

 
 *316
 
 We approve of what was said in
 
 Van Cise
 
 v.
 
 Lencioni,
 
 106 Cal.App.2d 341, 349-350 [235 P.2d 236] : “Appellants have not presented a proper record on appeal that will permit this court to consider this assignment of error. Under the Rules on Appeal it is incumbent upon the appellant to present a proper record to the appellate court. The oral arguments are not included in the reporter’s transcript unless specially requested. If counsel desire to urge error in the oral argument it is essential that he order the argument included in the transcript. In the absence of such a record it must conclusively be presumed that no error in the argument occurred. (Rule 52 of the Rules on Appeal; [Citations].) For these reasons, there being no proper record before us, this claimed error cannot be considered by this court. ’ ’
 

 The appellants next complain that the verdict did not cover the issues made by the counterclaim or by the amended cross-complaint and the answer thereto; they contend that in a case of this kind the jury must specifically find on each issue and allege that there is no finding at all relative to the cross-complaint. It is pointed out that the sheet of paper containing the verdict has a single caption and appellants complain that the court failed to find on material issues raised by any of the pleadings except the complaint and the answer thereto. The verdict is as follows:
 

 “In the Superior Court of the State of California In and For the County of Kern
 

 “We, the jury impanelled to try the above-entitled cause, find in favor of the plaintiff, Worthington Corporation, doing business as Wintroath Pump Company, and against
 
 *317
 
 the defendant, counter-claimant and cross-complainant, El Chicote Ranch Properties, Ltd., and assess plaintiff’s damages in the amount of $9566.84.
 

 “Dated : December 6, 1966.
 

 “/s/ Joe Reynolds
 

 Foreman”
 

 Thus, in the verdict El Chicote Ranch Properties, Ltd. is particularly described as defendant, counterclaimant and cross-complainant, and it states that the jury finds against such partnership on all three specifications. This is a sufficient answer to appellants’ claim. In paragraph II of the first amended cross-complaint for negligence filed by the general partners of this limited partnership, it is said: ‘ ‘ That cross-complainant is informed and believes and upon such information and belief . . . ,” obviously, thus showing that the cross-complaint itself contained, at times, a composite word standing for the limited partnership. Even though other paragraphs of the pleadings use the term cross-complainants in the plural, the first paragraph shows that the cross-complainants are the general partners of El Chicote Ranch Properties, a limited partnership, and have executed and published the certificate required in such circumstances by the Civil Code. Section 388 of the Code of Civil Procedure states that: “When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all of the associates, and the individual property of the party or parties served with process, in the same manner as if all had been named defendants and had been sued upon their joint liability.” Furthermore, no objection was made to the form of the verdict prior to its submission to the jury, although counsel for the appellants was shown the verdict form several days before the case was submitted to the jury, and there was no objection made by him to the use of this form or any of the others. No objection was made to the form of the verdict at the time the jury first returned to court with it or when the trial court again sent the body out to complete their verdict through the insertion of the amount of the award in the appropriate blank provided therefor.
 
 (Brown
 
 v.
 
 Regan,
 
 10 Cal.2d 519, 524 [75 P.2d 1063].)
 

 
 *318
 
 It is our view that the verdict included the adverse finding of the jury on the counterclaim and cross-complaint, as well as on the issues made by the complaint and the answer thereto.
 

 The principal point on appeal raised by the appellants is that the trial court committed serious error in awarding prejudgment interest amounting to the sum of $3,063.60 more than the jury awarded and that much more than was included in the clerk’s judgment.
 

 Section 3287 of the Civil Code reads as follows: “Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the State or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the State. ’ ’
 

 It is well established that a dispute as to the price agreed upon between the parties or the amount of work done will not prevent the allowance of interest where the damages are capable of being made certain. Furthermore, the rule is also clear that where the amount of the demand in itself is sufficiently certain, the fact that there is an unliquidated setoff or counterclaim will not prevent an award of interest on the claim due to plaintiff.
 

 The following is stated in 1 Witkin, Summary of California Law (1960) Contracts, section 286, pages 314-315: “Interest (at the legal rate of 7%; supra § 167) is recoverable from the time of breach where the amount of money due is liquidated, or from the time it becomes liquidated. (C.C.3287; see Rest., Contracts § 337;
 
 Continental Rubber Works
 
 v.
 
 Bernson
 
 (1928) 91 C.A. 636, 267 P. 553; . . .
 

 (
 
 C
 

 “Even though the demand is not for a specific sum, interest may be recovered where the damages are ‘ capable of being made certain by calculation.’ (C.C.3287.) This is the case, e.g., where the amount may be ascertained by reference to market value.
 
 (Bare
 
 v.
 
 Richman & Samuels
 
 (1943) 60 C.A.2d 413, 419, 140 P.2d 895.) It is immaterial that the parties are in dispute as to the agreed price or amount of work done; the necessary certainty depends on what the
 
 *319
 
 court decides as to the liability and determinability.
 
 Ansco Const. Co.
 
 v.
 
 Ocean View Estates
 
 (1959) 169 C.A.2d 235, 239, 337 P.2d 146.)
 

 “In
 
 Charlton
 
 v.
 
 Pan American World Airways
 
 (1953) 116 C.A.2d 550, 554, 254 P.2d 128, plaintiff sued on a contract calling for salary ‘plus all traveling and living expenses, ’ and was given judgment for such expenses, with interest. The amount due was capable of calculation by defendant at the end of the period of employment, all items were supported by vouchers, and subtraction of any duplicated amounts could just as readily be done on receipt of the expense account as at the trial.
 

 ‘ ‘ Similarly, interest is recoverable from the time an unliquidated claim becomes liquidated, e.g., where the plaintiff supplies the defendant with all necessary data for determining the amount due.
 
 (Bein
 
 v.
 
 Housing Authority
 
 (1958) 157 C.A.2d 670, 321 P.2d 753.)
 

 “Interest may be given on the balance due under a liquidated claim notwithstanding the fact that the defendant debtor claims an unliquidated offset.
 
 (Hansen
 
 v.
 
 Covell
 
 (1933) 218 C. 622, 629, 24 P.2d 772; 5 U.C.L.A. L.Rev. 268.) ”
 

 The solution of the problem is stated in
 
 Shell Chemical Corp.
 
 v.
 
 Owl Transfer Co.,
 
 173 Cal.App.2d Supp. 796, 804, 805 [344 P.2d 108], as follows: “In
 
 Katz
 
 v.
 
 Enos,
 
 68 Cal.App.2d 266, the court states at page 278 [156 P.2d 461] : ‘The more liberal view now prevails that interest will be allowed as damages where the demand, although unliquidated^ is of such a nature that the amount is capable of ascertainment by mere computation, or can be established with reasonable certainty,
 
 or determined by reference to well-established market values.’
 
 (Emphasis in case cited.) ”
 

 In the reply brief of appellants, their argument on the interest problem rests on the basis that, because the cross-complaint is one for negligence and patently unliquidated, the net reasonable value of the plaintiff’s services could not possibly be established before judgment. If this were so, in any suit for goods or services a plaintiff’s claim for interest could be defeated ipso facto by a cross-complaint for negligence.
 

 It is clear from the cases in California that even though a demand is not for a specific sum, interest may be recovered where damages are capable of being certainly calculated. We do not have an adequate reporter’s transcript.
 
 *320
 
 The trial court ascertained from the evidence that the request for damages was made certain so as to qualify for interest. And we do not have the data to question this result. Among the exhibits is invoice number 9-1062 for a total of $9,566.84, which was the exact amount of the jury verdict. The invoice is itemized as to materials furnished, tools rented, labor, machine labor, field labor—57 entries in all for amounts entered and added. A copy of a letter to the El Chicote ranch states that “copies of our Invoice No. 9-1062 of September 19, 1962 for $9,566.84 covering material and labor as shown” are attached.
 

 In
 
 Ansco Const. Co.
 
 v.
 
 Ocean View Estates, Inc.,
 
 169 Cal.App.2d 235, 238-239 [337 P.2d 146], the court stated: “Aside from any contractual provision interest is awarded as damages by way of compensation for wrongful detention of money due plaintiff.
 
 (Sears, Roebuck & Co.
 
 v.
 
 Blade,
 
 139 Cal.App.2d 580, 595 [294 P.2d 140].) But this occurs only when the sum is liquidated within the purview of Civil Code, section 3287 and the pertinent authorities. . . . Liquidated damages have been defined ‘as those which were certain by computation from the face of the contract, or which might be made certain by reference to well-established market values plus computation. ’
 
 (Lineman
 
 v.
 
 Schmid,
 
 32 Cal.2d 204, 209 [195 P.2d 408, 4 A.L.R.2d 1380].) ‘The contention is made that the amount which the plaintiffs are entitled to recover in this ease is unliquidated, and therefore interest should not be allowed until the entry of judgment. This contention, however, is not determinative of the question of interest. If the amount of the indebtedness or the amount owing can be calculated and determined from the statements rendered by the plaintiffs to the defendants, and that statement is found to be true and correct, it is a matter of mere calculation. ’
 
 (Anselmo
 
 v.
 
 Sebastiani,
 
 219 Cal. 292, 301 [26 P.2d 1].)
 

 . .‘ “A dispute as to the price agreed, or as to the amount of work done or its cost, will not prevent the allowance of interest. . . .
 
 Where the data necessary to determine the amount due are supplied to the debtor by an invoice
 
 or statement, he will be charged with interest for failure to pay.” ’
 
 (Anselmo
 
 v.
 
 Sebastiani, supra,
 
 219 Cal. 292, 301.) Accord:
 
 Koyer
 
 v.
 
 Detroit F. & M. Ins. Co.,
 
 9 Cal.2d 336, 346 [70 P.2d 927];
 
 Fairchild
 
 v.
 
 Bay Point, etc. Ry. Co.,
 
 22 Cal. App. 328, 330 [134 P. 338];
 
 Kammerer
 
 v.
 
 Marino,
 
 76 Cal.App. 635, 638-639 [245 P. 432] ;
 
 Maurice L. Bein, Inc.
 
 v.
 
 *321
 

 Housing Authority,
 
 157 Cal.App.2d 670, 686 [321 P.2d 753].) ” (Italics added.)
 

 In 47 Corpus Juris Secundum, Interest, section 19, page 31, it is stated: ‘ ‘ Although a claim may in a sense be unliquidated, interest thereon will generally be allowed where the amount due can be readily ascertained by mere computation, or by a legal or recognized standard.
 

 “Ordinarily, where the amount of a demand is sufficiently certain to justify the allowance of interest thereon, the existence of a set-off, counterclaim, or cross claim which is unliquidated will not prevent the recovery of interest on the balance of the demand found due from the time it became due. ’ ’
 

 On motion for a new trial, the court reduced the judgment by a single item of $165 on the ground that the item was not certain or capable of being made certain; the elimination of this one item does not affect the judgment as to the other items of the account.
 
 (Coleman Engineering Co.
 
 v.
 
 North American Aviation Inc.,
 
 65 Cal.2d 396, 408-409 [55 Cal.Rptr. 1, 420 P.2d 713].)
 

 One of the matters requiring decision by us is which judgment appearing in the clerk’s transcript is controlling. It is a rule of thumb that when there are two judgments shown in the clerk’s transcript, the latter of the two is the official judgment in the absence of a showing to the contrary. Lacking a full record, there is no showing to the contrary, and we must assume, under the law, that the second judgment is controlling.
 

 It was said in
 
 Colton Land & Water Co.
 
 v.
 
 Swartz,
 
 99 Cal. 278, 281-283 [33 P. 878] : “A judgment roll is defined in section 670 of the Code of Civil Procedure, and consists of the papers therein enumerated. This ‘roll’ does not depend upon the fact that the clerk has fastened these papers together, nor do any other papers which the clerk may have joined with those which the statute declares shall constitute the judgment roll become a part of such roll by reason of having been so joined. The papers thus designated as forming the judgment roll are those which are elsewhere mentioned in the code as a part of the proceedings culminating in the judgment. The 1 judgment, ’ of which a copy is to be included in the ‘roll,’ is the judgment defined in section 577 of the Code of Civil Procedure, as ‘the final determination of the rights of the parties in an action or proceeding,’ and as
 
 *322
 
 there can be but one ‘final determination’ in an action, it follows that there can be but one judgment in the judgment roll, and that if during the proceedings in an action a judgment shall be set aside and another one thereafter entered, only this last judgment can form a part of the judgment roll just as when the complaint or answer is amended, only the amended pleadings or those upon which the cause was tried form the ‘pleadings’ which are a part of the judgment roll. In
 
 Paige
 
 v.
 
 Roeding,
 
 96 Cal. 388 [31 P. 264], the plaintiff appealed from the judgment, and brought up in the judgment roll a judgment that had been entered in the records of the court. The respondents caused to be certified to this court a judgment that had been previously entered in the same cause, and claimed that this prior judgment was the only one that could be considered. It was held, however, that the statute clearly contemplates that there shall be but one judgment in a judgment roll, and that if two are found therein the last in point of time is the only one which can be considered as a part thereof. When, therefor, the defendants offered in evidence ‘the judgment roll’ in the action of the San Bernardino National Bank against the plaintiff herein, as is stated in the statement on motion for a new trial, it must be assumed that the judgment roll so offered consisted of only the papers which are designated by the statute as constituting the judgment roll, and also that if there were any other papers bound up with that, they were not considered by the court as forming a part of said roll, and consequently could not impair its admissibility in evidence. Neither does the fact found by the court, that a judgment between the parties had been previously rendered in the same action, impair the effect of this judgment which forms a part of the judgment roll. If upon a direct appeal the fact that a prior judgment does not impair the efficiency of the judgment appealed from
 
 (Paige
 
 v.
 
 Roeding,
 
 96 Cal. 388 [31 P. 264]), much less can such prior judgment be invoked to impeach a subsequent judgment when the same is collaterally attacked. The court had jurisdiction of the parties to the action and of the subject-matter, and upon a collaterial attack every presumption will be indulged in support of its judgment. If necessary, therefore, it will be assumed that the former judgment was vacated by consent of the parties, and that an order showing such consent and the vacating of the judgment appears in the minutes of the court. Any entry in the minutes vacating the judgment, whether by consent of the parties or upon an order of the
 
 *323
 
 court after a new trial had been granted, would form no part of the judgment roll, and it was not necessary to offer any evidence to show that the former judgment had been annulled.
 
 (Carpentier
 
 v.
 
 Oakland,
 
 30 Cal. 439;
 
 Drake
 
 v.
 
 Duvenick,
 
 45 Cal. 455;
 
 Crim
 
 v.
 
 Kessing,
 
 89 Cal. 478 [26 P. 1074, 23 Am.St.Rep. 491];
 
 Caruthers
 
 v.
 
 Hensley,
 
 90 Cal. [559] 560 [27 P. 411].) ‘Circumstances may have arisen wherein the trial court would have been justified under the law in setting aside the first findings and judgment; and, with no showing to the contrary, we must assume that such circumstances did arise.’
 
 (Paige
 
 v.
 
 Roeding,
 
 96 Cal. [388] 391 [31 P. 264].) ”
 

 See also
 
 Wood
 
 v.
 
 Pendola,
 
 1 Cal.2d 435, 439 [35 P.2d 526].
 

 Appellants contend that the jury was charged with the duty of finding the amount of recovery and the jury should have found the interest, not the judge. The answer turns on the question whether plaintiff was entitled to interest as a matter of law; if so, the court correctly stated in
 
 Engelberg
 
 v.
 
 Sebastiani,
 
 207 Cal. 727, 730 [279 P. 795], that: “In
 
 McAfee
 
 v.
 
 Dix,
 
 101 App. Div. 69 [91 N.Y. S. 464], where the verdict did not include interest to which plaintiff was entitled as a matter of law, the court said: ‘Interest was incident to the award of the contract price. . . . The court rightly declared (and indeed there was no exception) that interest was the plaintiff’s due in event of such a verdict. The jury gave that verdict and yet for some reason ignored the law as to a matter where it had neither discretion nor, the rate and period being certain—latitude for calculation. It seems absurd that the court is powerless to correct the judgment so as to award that sum which legally belongs to him who has gained the verdict, but that it must recognize this erroneous omission or commission of the jury by depriving the successful suitor either of the benefit of the trial or by mulcting him of a part of his rightful judgment. ’ ’
 

 Under the clearly established rule applicable to the facts shown in this case, we must assume that the judgment of December 8 signed by the court is controlling, and that, by some means or other, possibly a stipulation of the parties, the first judgment entered bv the clerk was effectively set aside.
 
 (Estate of Kent,
 
 6 Cal.2d 154, 163 [57 P.2d 901];
 
 Phelan
 
 v.
 
 Superior Court,
 
 35 Cal.2d 363, 375 [217 P.2d 951].) This assumption may well constitute a strain on the believable, but, under our system, it is not the appellate court’s duty to provide an accurate or complete transcript of what
 
 *324
 
 occurred in the court below. That duty falls clearly upon the appellant, and when the appellant fails to carry out what the law requires him to do if he desires a reversal, we cannot fill the gap by assumptions but are bound by such rules as are set forth in
 
 Colton Land & Water Co.
 
 v.
 
 Swartz, supra,
 
 99 Cal. 278.
 

 The judgment is affirmed.
 

 Stone, J., and Gar gano, J., concurred.