Filed 2/26/16  Rozier v. U.S. Bank Nat. Assn. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KAREN MICHELE ROZIER, | |
| Plaintiff and Appellant, | G050520 |
| v. | (Super. Ct. No. 30-2012-00601310) |
| U.S. BANK NATIONAL ASSOCIATION, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Sheila Fell, Judge.  Affirmed.

Karen M. Rozier, in pro. per., for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton and Kerry W. Franich, for Defendant and Respondent.

# INTRODUCTION

Despite repeated warnings from bench officers that she was in over her head in a lawsuit involving complex financial, statutory, and procedural issues, appellant Karen Rozier steadfastly refused to hire counsel, apparently from an abiding conviction that she could do the job as well as any lawyer. Events proved her wrong. Judgments were entered against her after the trial court granted respondent U.S. Bank's motion for summary judgment and – in an unusual example of belt and suspenders – after the court ordered terminating sanctions against her for misuse of the discovery process.

Unfortunately, in the course of her self-representation, Rozier has violated nearly every rule of the California Rules of Court[1] regarding briefs and the record on appeal. Her two-volume appellant's appendix omits some crucial documents – like the papers filed in connection with a demurrer she wants us to review and with U.S. Bank's motion for summary judgment, which she also wants us to review. U.S. Bank plugged some of the holes in its four-volume respondent's appendix, but some still remain, and it is not the bank's responsibility to make up for the inadequacies of appellant's record.

We do not write on a blank slate when we review a lower court's judgment. Instead, we assume it is correct and require the appellant to demonstrate error. We also confine our review to matters in the record, so an inadequate record, such as the one appellant supplied, severely restricts what we can even consider.

We affirm the judgment entered after the court granted U.S. Bank's motion for summary judgment. Appellant did not appeal from the judgment granted after the court ordered terminating sanctions, so that judgment would stand in any event without our inspection. The other issues appellant raised on appeal are, as she has presented them, meritless.

---

[1] All further rule references are to the California Rules of Court.

# FACTS[2]

Appellant signed a deed of trust on her Buena Park residence on December 23, 2005. The lender was WMC Mortgage Corp. The trustee was Westwood Associates, and Mortgage Electronic Registration Systems, Inc. (MERS), was the beneficiary and the lender's nominee. The deed of trust was recorded on January 4, 2006. MERS assigned the deed of trust to Bank of America (BofA). BofA recorded a substitution of trustee – Executive Trustee Services, LLC (ETS), in place of Westwood Associates – on April 11, 2011. On the same day, ETS recorded a notice of default and election to sell. ETS recorded a notice of trustee's sale on July 12, 2011; the sale was set for August 8.

On July 26, 2011, appellant recorded a grant deed transferring the Buena Park property to an irrevocable trust named for her son (the family trust). The record does not indicate a trustee's sale on August 8. Appellant filed for bankruptcy protection on August 22, 2011.

On January 13, 2012, BofA recorded an assignment of the deed of trust to U.S. Bank. ETS recorded two identical notices of trustee's sale, one on August 10 and the other on August 27, 2012.[3] Both notices set the sale for September 4, 2012. The debt at that point stood at $820,606. The sale took place on September 24, and the trustee's deed upon sale to BofA was recorded on September 26, 2012.

Appellant sued U.S Bank, BofA, MERS, ETS and another entity on September 27, 2012. She alleged wrongful foreclosure and sought to have the sale of her residence set aside and the deed upon sale canceled. The deed upon sale was rescinded on October 4, 2012. On October 16, 2012, ETS recorded another notice of trustee's sale, the sale date being November 13, 2012. The record does not contain a deed of sale for that date or any subsequent date.

---

[2] As we are required to do, we recite the facts in a manner most favorable to the judgment. (See *SCI California Funeral Services, Inc. v. Five Bridges Foundation* (2012) 203 Cal.App.4th 549, 552.)

[3] U.S. Bank obtained relief from bankruptcy stay on July 30, 2012.

Appellant filed her first amended complaint, which is not part of the record, on October 29, 2012. She filed her second amended complaint on February 4, 2013. She alleged causes of action for wrongful foreclosure, slander of title, violation of Business and Professions Code section 17200, negligence, defamation, and quiet title. The plaintiffs were appellant, her husband, and her husband as trustee of the family trust. The defendants were BofA, ETS, two other entities (not including U.S. Bank), and three individuals.

A lengthy hearing on the demurrer to the second amended complaint took place on May 10, 2013. Counsel for U.S. Bank appeared and explained to the court that U.S. Bank, not BofA, was the proper party to sue for wrongful foreclosure, as BofA had assigned its interest in the property to U.S. Bank in January 2012. U.S. Bank would be responsible for a wrongful foreclosure, assuming there was one.

The court struck appellant's husband as plaintiff in his capacity as trustee because a non-attorney could not represent the family trust in court. Two of the individuals and one of the entities had already been dismissed before the hearing, so the demurrer was moot as to them.[4] The court sustained demurrers to the causes of action for slander of title and defamation without leave to amend; it overruled the demurrer on the cause of action for wrongful foreclosure. The court's order further provided "[T]he Court will allow [appellant] to file a third amended complaint with a proper caption and may only file naming US Bank with a wrongful foreclosure cause of action."

Notwithstanding the May 10 order, the third amended complaint named both appellant and her husband as plaintiffs, named BofA and two other entities in addition to U.S. Bank as defendants, and alleged nine causes of action instead of one for wrongful foreclosure. U.S. Bank demurred to the third amended complaint. The court struck appellant's husband as a plaintiff and struck all causes of action except wrongful

_____

[4] Appellant dismissed the third individual on February 13, 2013.

4

foreclosure.  The court overruled U.S. Bank's demurrer to the wrongful foreclosure cause of action.  The court also allowed appellant to go forward with a wrongful foreclosure cause of action against BofA.

U.S. Bank moved for summary judgment on wrongful foreclosure, based on requests for admission that had been deemed admitted after appellant failed to respond to them.  U.S. Bank also moved for terminating sanctions, again for appellant's failure to respond to discovery.  Both motions were heard on the same day, and both were granted.

Judgment was entered against appellant pursuant to U.S. Bank's motion for summary judgment on June 5, 2014, and pursuant to its motion for terminating sanctions on the same day.  Appellant filed a notice of appeal from judgment following the order granting summary judgment on July 2, 2014.[5]  The record does not contain a notice of appeal from the judgment after the order granting terminating sanctions.

## DISCUSSION

The state of the record and of appellant's briefs has greatly hampered our review.  Her appellant's appendix does not begin to conform to the requirements of the California Rules of Court for such documents.  There is no register of actions, no notice of appeal, no notice of election.  (See rule 8.124(b).)  The papers filed in connection with the demurrer to the second amended complaint – which appellant wants us to review – are missing.  So are the summary judgment motion and the motion for terminating sanctions.[6]  Her briefs are likewise inadequate and improper, particularly when it comes to citing to the (inadequate) record.  (See rule 8.204(a)(1)(C).)  For example, appellant

---

[5]  Appellant filed a premature notice of appeal from the summary judgment before judgment was entered.  Her second notice of appeal, the one filed in July, included the notation after the box "Other" (which she checked) "Rule 8.155(a).  Motion to augment the record in support of preserving the status quo pending appeal."  We do not know what this means.

[6]  Appellant admits her appendix is incomplete, but excuses its defects on the ground that she thought U.S. Bank would include its documents in its appendix.  Rule 8.124(b)(1)(B) clearly requires an appellant's appendix to include any item "necessary for a proper consideration of the issues" *and* "any item that the appellant should reasonably assume the respondent will rely on."  The rule also requires the documents to be arranged chronologically (*id.* (d)(1)), another rule appellant ignored – increasing the difficulty of navigating her appendix.

5

repeatedly cites to a document's docket number, using these citations to support factual assertions. But the mere name of the document, gleaned from the docket helpfully supplied by U.S. Bank (not by appellant), tells us nothing about the information conveyed within the document itself and is meaningless as a reference to the record. Appellant also frequently makes "factual" statements unsupported even by these meager citations. (See *id.* (a)(2)(C).)

We would be well within the bounds of proper appellate practice to affirm the judgment on the basis of an inadequate record. (See *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; *Niederer v. Ferreira* (1987) 189 Cal.App.3d 1485, 1509.) Nevertheless, we will address the issues appellant raises insofar as we can discern them amid the torrent of irrelevancies and tangents. We are guided in these efforts by the headings in the argument section of appellant's opening brief. (See rule 8.204(a)(1)(B); *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.)

After prolonged and dogged study of the record – a luxury not afforded the trial court – we have been able to isolate three main components of appellant's lawsuit. First, she alleged she signed a note in December 2005, but later canceled it. There is a valid note, she conceded, but that note is dated June 2006. Nevertheless, she alleged, the December 2005 note is the one being used to foreclose on her property. Second, appellant contended that nobody owns her debt, because of the way her note and deed of trust were transferred. Specifically, she alleged that the note and deed of trust were improperly transferred into a real estate trust after the trust had closed.[7] Finally, she

---

[7] In the recently decided case *Yvanova v. New Century Mortgage Corp.* (Feb. 18, 2016, S218973) ___ Cal.4th ___ [2016 D.A.R. 1619], the California Supreme Court held that a borrower could base a claim for a wrongful nonjudicial foreclosure on a void transfer, but not on a voidable one (*Id.,* 2016 D.A.R. 1627); it explicitly refused to decide whether a postclosing transfer into a real estate trust was void or voidable. (*Id.,* 2016 D.A.R. 1622.) The Court also refused to decide whether a borrower could preempt an impending foreclosure proceeding by alleging a void transfer. (*Id.*, 2016 D.A.R. 1619, 1623-1624.)

6

alleged that BofA caused all the paperwork for a nonjudicial foreclosure and a trustee's sale to be recorded in September 2012, even though it had transferred its interest to U.S. Bank several months before. The trustee's sale was rescinded in October 2012. Appellant alleged that between the time of the trustee's sale and the rescission, BofA engaged in a series of distressing activities, such as serving a notice to quit. Appellant has referred in passing to numerous subsidiary issues, but these are the major ones. With this background in mind, we address each of the issues singled out in the argument section of appellant's opening brief.

I.       **Standard of Review**

The standard of review for a denial of leave to amend a complaint after a demurrer has been sustained is abuse of discretion. (*Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1091. We review an order granting summary judgment de novo. (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348). An order imposing discovery sanctions is reviewed for abuse of discretion. (*New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1422.) Appellant's discussion of the standard of review in her briefs reflects her unfamiliarity with this concept.

II.      **U.S. Bank's Appearance**

Appellant asserted both in the trial court and on appeal that U.S. Bank had no right to appear in this case because her dispute was with BofA, specifically with BofA's conduct in September and October of 2012, when a trustee's sale was held and then rescinded. If appellant had confined her lawsuit to the events of that period, perhaps this argument could have had some merit. When she challenged the validity of her note and of the assignments and substitutions under the deed of trust in general, however, she drew U.S. Bank into the fray. The original complaint and the second and third amended

---

Appellant did not allege in any of her pleadings that U.S. Bank foreclosed on her residence. The deed of sale recorded by BofA in 2012 was rescinded. The third amended complaint did not allege an impending foreclosure.

complaints all alleged just such challenges. U.S. Bank was BofA's assignee, so if there was something wrong with the note and the transfers, U.S. Bank was the affected party.

It certainly would have been preferable for U.S. Bank to file a complaint in intervention under Code of Civil Procedure section 387, rather than to just show up at hearings. But appellant did not raise that procedural irregularity in the trial court, and she did not raise it on appeal. If U.S. Bank had filed a complaint in intervention, the trial court would most likely have been required to allow it, as U.S. Bank was "so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect [its] interest." (Code Civ. Proc., § 387, subd. (b).) Certainly appellant was given every opportunity to protest U.S. Bank's involvement in the lawsuit.

U.S. Bank unquestionably had an interest to protect that the allegations of the second and third amended complaints threatened. It had a right to appear to defend this interest.

Furthermore, the court did not, as appellant claims on appeal, allow BofA to escape liability for wrongful foreclosure. Appellant alleged a wrongful foreclosure cause of action against BofA in her third amended complaint, and the trial court overruled BofA's demurrer to it. The lawsuit included a cause of action against BofA for wrongful foreclosure when both defendants finally answered.

**III.      The Peremptory Challenge (Code of Civil Procedure section 170.6)**

Appellant asserted that a defendant's motion to disqualify a judge under Code of Civil Procedure 170.6 was improperly granted. An order granting a motion under this code section is not appealable in the first instance. It must first be challenged by a writ. (See *Orion Communications, Inc. v. Superior Court* (2014) 226 Cal.App.4th 152, 155.) Accordingly we do not address this issue.

**IV.      Identity between U.S. Bank and BofA**

The gist of appellant's argument under this heading is indecipherable. She asserts, first, that a lawyer representing BofA filed a fraudulent substitution of attorney,

8

to which she objected. The supporting cites to the record are meaningless or incorrect. She now asserts that "the [trial] Court should not have allowed the perjured [substitution of attorney] to stand unpunished." The issue or order we are supposed to review is unspecified.

Appellant next contested U.S. Bank's assertion that it had assumed BofA's liabilities, because U.S. Bank presented no evidence it had merged with BofA. U.S. Bank never represented it had assumed all of BofA's liabilities; it represented only that as BofA's assignee of appellant's deed of trust, it was the proper defendant to sue for wrongful foreclosure on appellant's property.

The last portion under this heading is equally impenetrable. BofA held appellant's deed of trust as trustee for a trust identified as *RAAC* 2007RPI. The assignment to U.S. Bank in January 2012 identified BofA as the trustee of *RAMP* 2007RPI. Appellant does not explain the significance of this difference in nomenclature or how it could have affected U.S. Bank's representation to the trial court that it would assume all liability for wrongful foreclosure of appellant's property – in other words, how the difference would affect her. We see no issue for our review under this heading.

## V.          Demurrer to Second Amended Complaint

Appellant asserted on appeal that the trial court should have given her leave to amend the second amended complaint instead of striking everything but the wrongful foreclosure cause of action.[8] The second amended complaint named appellant, her husband, and her husband as trustee of the family trust as plaintiffs. The named defendants were BofA, Residential Funding Company, GMAC Mortgage, ETS, and three individuals. The causes of action were wrongful foreclosure, slander of title, violation of Business and Professions Code section 17200, negligence, defamation, and quiet title. At

---

[8] The court did not strike any of the causes of action; it sustained the demurrers to two of them without leave to amend.

9

the time, GMAC Mortgage and ETS were in bankruptcy, so the action was stayed as to them.

After a lengthy hearing on May 10, 2013, the court ruled as follows: GMAC Mortgage and two of the individuals having been dismissed, the demurrer was moot as to them. Appellant's husband as trustee of the family trust was dismissed as a plaintiff; he was not an attorney and could not represent the trust in court.[9] The court sustained the demurrers to the causes of action for slander of title and quiet title without leave to amend and overruled the demurrer to the cause of action for wrongful foreclosure. Appellant was given 15 days to file the third amended complaint; she was ordered to substitute U.S. Bank for BofA in the wrongful foreclosure cause of action; BofA had disclaimed any interest in her property, and U.S. Bank as BofA's successor in interest under the deed of trust had assumed responsibility for wrongful foreclosure, assuming one occurred.

Appellant does not assert that the trial court erred in sustaining the demurrers; indeed, restricting her objection only to denying her leave to amend implicitly conceded that the demurrers were properly sustained. "Whether to grant leave to amend a complaint is a matter within the discretion of the trial court. [Citation.] On appeal, the burden of proving a reasonable possibility exists that a complaint's defects can be cured by amendment rests 'squarely on the plaintiff.' [Citation.]" (*Reynolds v. Bement, supra,* 36 Cal.4th at p. 1091.)

Leaving aside the obstacle to appeal resulting from appellant's failure to include any of the filings relevant to the demurrer – motion, opposition, reply – in her appendix, there is no discussion in her briefs of how the third amended complaint, appellant's fourth try, could have been reframed to state claims for slander of title or

---

[9] GMAC Mortgage and Executive Trustee Services were the only defendants named in the causes of action for negligence and defamation. The court therefore did not rule on these two causes of action.

10

quiet title.[10] She therefore has not carried her burden to prove a reasonable possibility of curing the defects by amendment.

Appellant's other, related, complaint is that the court's May 10 order "forced" her to sue U.S. Bank as the sole defendant in the third amended complaint and yet did not allow her to state causes of action other than wrongful foreclosure against this defendant. After the May 10 hearing, appellant filed an ex parte application informing the court of her intention to allege causes of action against U.S. Bank in addition to wrongful foreclosure.[11] Construing this as a motion for leave to file an amended pleading – one that ignored the requirements of rule 3.1324 – we cannot find any reference in the record to a ruling on it. Having been provided with an inadequate record, we presume, as we are required to do, that the trial court correctly denied the motion. (See *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447.)

In any event, appellant disregarded the court's May 10 order. Despite being restricted to a single plaintiff (appellant), a single defendant (U.S. Bank), and a single cause of action (wrongful foreclosure), the third amended complaint named appellant's husband as a plaintiff and BofA and two other entities in addition to U.S. Bank as defendants. The complaint alleged eight causes of action in addition to wrongful foreclosure. The court struck appellant's husband as a plaintiff, the two entities, and the extra causes of action, but allowed appellant to keep BofA as a defendant in the wrongful foreclosure cause of action.

## VI.        U.S. Bank's Discovery

Appellant next asserted that U.S. Bank had no right to propound discovery on her, because her grievance was with BofA over the wrongful foreclosure of September

___

[10] Appellant neglected to include the 24 exhibits to which she referred in the complaint with the filing itself. While she could have amended the complaint to add the exhibits, the court sustained the demurrers on grounds other than the failure to include exhibits. Appellant has not explained how she could overcome these defects.

[11] The claims appellant listed in the ex parte application as the ones she intended to assert against U.S. Bank differed substantially from the causes of action actually alleged in the third amended complaint.

of 2012.  We have already dealt with U.S. Bank's participation in this lawsuit as BofA's assignee.  If appellant believed U.S. Bank's discovery was improper or exceeded the scope of discovery (Code Civ. Proc., § 2017.010), she should first have addressed her objections to the trial court through a motion for a protective order.  (Code Civ. Proc., § 2019.030.)  She cannot raise this objection for the first time in this court.  (See *Gray1 CPB, LLC v. SCC Acquisitions, Inc.* (2015) 233 Cal.App.4th 882, 897.)

## VII.        Too Many Judges

Appellant's disregard for the rules of appellate practice reaches some kind of peak here.  She claimed she was denied her right to obtain "fair and correct decision making" because so many judges ruled on so many issues.  This part of her brief contains not a single correct citation to the record.  She lists nine judges who ruled at some time during the case, again without any citation to the record, attributing the variety of bench officers involved to U.S. Bank's making ex parte applications when the assigned judge was unavailable.[12]

Arguments made without citation to the record or unsupported by any authority do not merit appellate review.  (*Thornbrough v. Western Placer Unified School Dist.* (2013) 223 Cal.App.4th 169, 175, fn. 3 [citation to record]; *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078 [unsupported argument].)  In any case, appellant has not specified any order to be reversed or holding to be examined resulting from this plethora of judges.

But we cannot pass to the next topic without remarking on appellant's accusations against Judge Fell, the judge who entered judgment against her.  In her briefs, appellant charged Judge Fell with corruption and with conspiring with defense attorneys to dismiss her case using "quasi-criminal means" and "trickery."  Appellant claimed,

---

[12]        This case generated an extraordinary number of ex parte applications – more than 30 over the course of just over two years.  Both sides clearly regarded an ex parte application as a method of obtaining relief superior to a noticed motion, ignoring the admonition of rule 3.1202(c) that an ex parte application is reserved for "irreparable harm" or "immediate danger."

without any supporting evidence, that Judge Fell "earns outside income lecturing to various BAR associations," and therefore ruled in U.S. Bank's favor because it was represented by a big law firm, while appellant represented herself. "Conceivably, if [Judge Fell] were known to be favorable or even reasonable to pro se litigants, she might lose her favored status with these various BAR associations and lose her outside source of income. . . . [H]er behavior indicates she is biased against pro se litigants."

"Disparaging the trial judge is a tactic that is not taken lightly by a reviewing court." (*In re S.C.* (2006) 138 Cal.App.4th 396, 422.) Impugning the court's integrity in a document filed with the court is an instance of direct contempt. (See *In re Koven* (2005) 134 Cal.App.4th 262, 271; *In re White* (2004) 121 Cal.App.4th 1453, 1477-1478.) So is an unsupported accusation of bias toward a party. (*In re White, supra,* 121 Cal.App.4th at p. 1478.) Contempt is punishable by a fine or imprisonment or both. (*In re Koven, supra,* 134 Cal.App.4th at p. 271.) Appellant does not advance her cause by concocting conspiracy theories to shift the blame for failures brought about by her own deficiencies.

## VIII.      Cumulative Effect of Errors

This portion of appellant's opening brief is a hodgepodge of complaints, mostly about the law firms representing U.S. Bank and BofA. The remaining complaints we have dealt with in the previous sections, and we do not need to repeat our observations here.

Appellant is aggrieved that the banks had law firms – large ones – to defend them while she represented herself. She entertains the erroneous idea that a self-represented party is entitled to particular assistance or leniency from the court. This is not California law. California law requires self-represented parties to adhere to the same rules that apply to attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) Moreover, it is a violation of the canons of judicial ethics for a judge to help litigants prepare their cases.

13

(See *Adams v. Commission on Judicial Performance* (1995) 10 Cal.4th 866, 907-908.) As one judge correctly told appellant, while urging her to get a lawyer, "I'm not going to practice law on your behalf; I'm not going to give you legal advice."

Appellant alleged that the family trust owned property in California, Mexico, Maryland, and Virginia, in addition to other assets. It would perhaps have been prudent for the trust to have expended some of these assets on legal counsel. Having not done so, she cannot complain because courts will not do that work for her.

## IX. Terminating Sanctions

Appellant did not appeal from the judgment in favor of U.S. Bank after the court granted its motion for terminating sanctions for discovery misuse. Ordinarily, this would be the end of the line for an appellant. We have jurisdiction only when an appellant files a timely notice of appeal. (*Van Beurden Ins. Services, Inc., v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.) And our jurisdiction is limited in scope to the notice of appeal and the judgment appealed from. (*Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504.) The failure to file a timely notice of appeal from the judgment regarding terminating sanctions requires the dismissal of that appeal, and the trial court's judgment of dismissal stands. (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 675.)

Because the trial court created some confusion by entering two separate judgments, however, we will address the one entered after the court granted U.S. Bank's motion for summary judgment, from which appellant did appeal.[13] We sympathize with the trial court's desire to use both a silver bullet and a stake through the heart of this case, but generally a lawsuit can end in only one judgment of dismissal per defendant. (See *Nicholson v. Henderson* (1944) 25 Cal.2d 375, 378-379.)

---

[13] Both judgments were entered on the same day, so we cannot determine which is the official one and which one should be set aside. (See *Worthington Corp. v. El Chicote Ranch Properties, Ltd.* (1967) 255 Cal.App.2d 316, 325.)

**X.        Summary Judgment**

The ruling on U.S. Bank's motion for summary judgment has its roots in discovery.  U.S. Bank propounded requests for admission on appellant, to which she did not respond.  U.S. Bank moved to have the requests for admission deemed admitted.  The record does not contain any opposition to this motion, which was granted on December 11, 2013.  We have not been asked to review this order.[14]

Among the requests for admission deemed admitted were "Admit [appellant] does not have a viable Wrongful Foreclosure claim against U.S. Bank"; "Admit [appellant] is not entitled to any monetary damages from U.S. Bank"; "Admit [appellant] is not entitled to any equitable relief from U.S. Bank."  Appellant also was deemed to have admitted that she had not made a mortgage payment in over five years and that her residence had no equity on September 24, 2012 (the date of the trustee's sale), on October 3, 2012 (the date the sale was rescinded), and on August 31, 2013 (a date just after service of the requests for admissions).

As of the time of the summary judgment motion, the only cause of action standing against U.S. Bank was wrongful foreclosure, a tort.  By virtue of her deemed-admitted requests for admission, she admitted that she was not entitled to damages or equitable relief from U.S. Bank.  Without damages, of course, she could not maintain a cause of action for a tort.  (See *Bardis v. Oates* (2004) 119 Cal.App.4th 1, 10.)

Code of Civil Procedure section 437c requires a court to grant summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  (Code Civ.

---

[14]        Appellant complained that she was unable to attend the hearing on the discovery motion because she was on trial on Los Angeles Superior Court in a criminal matter.  She did not notify the court that she would be unable to attend or ask for a continuance.  Without such a notice, the court was permitted to rule on the motion as if she had appeared.  (See rule 3.1304.)

Appellant moved to vacate the discovery orders on January 7, 2014.  The record does not contain any ruling on the motion, although one was evidently issued.  In the absence of a complete record, we presume the correctness of the trial court's ruling, which was evidently to deny the motion.  (See *Vo v. Las Virgenes Municipal Water Dist., supra,* 79 Cal.App.4th at p. 447.)

Proc., § 437c, subd. (c).) In this case, the deemed admission that appellant had no damages established the absence of a triable issue of fact as to the wrongful foreclosure cause of action. Summary judgment was therefore properly granted.

In addition, Code of Civil Procedure section 437c, subdivision (b)(3) requires a party opposing a summary judgment to file a separate statement responding to the moving party's separate statement. The record contains no such statement from appellant. This defect alone is a sufficient basis for granting the motion. (Code Civ. Proc., § 437c, subd. (b)(3).) Moreover, appellant failed to oppose the motion in any meaningful way. She did not address the elements of her remaining cause of action, demonstrating the existence of a triable issue of fact. The opposition dealt solely with irrelevancies, and it contained not a shred of admissible evidence. (See Code Civ. Proc., § 437c, subd. (d).) U.S. Bank made a prima facie case for summary judgment, so it was up to appellant to submit evidence to establish a triable issue of material fact. (See *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850-851.) She failed to do so.

Finally, the issues appellant identified on appeal do not involve whether U.S. Bank presented sufficient evidence to be entitled to judgment as a matter of law. Instead, she has argued that (1) U.S. Bank had no right to propound discovery on her, an argument we have already dispatched; and (2) the trial court erred in continuing the trial date so that the motion could be heard more than 30 days before trial. We review the trial court's decision to grant or deny a continuance for abuse of discretion. (*Foster v. Civil Service Com.* (1983) 142 Cal.App.3d 444, 448.)

U.S. Bank filed and served its motion for summary judgment on January 8, 2014. The hearing was set for April 23, over 100 days after filing and service. Trial at that point was set for April 28. On January 16, the court granted U.S. Bank's ex parte application to continue the trial date from April 28 to May 27, thereby allowing the hearing date to be set more than 30 days before trial. (See Code Civ. Proc., § 437c, subd. (a)(3).) Appellant's appendix did not include any of the documents pertaining to

16

U.S. Bank's request for trial continuance. U.S. Bank's appendix included the court's order granting its application to move the trial date to May 27.

Appellant has not demonstrated to us that the trial court abused its discretion in moving the trial date from April 28 to May 27. The summary judgment motion was a case-dispositive one; granting it would obviate the necessity of a trial altogether. Appellant has not shown how a delay of a month prejudiced her, especially as the trial had been continued once before, for seven months. Her objection to continuing the trial date is meritless. This is the only additional issue she has identified as the basis for reversing the order granting U.S. Bank's motion for summary judgment.

**XI.        Requests for Judicial Notice**

Both appellant and U.S. Bank have filed requests for judicial notice. Appellant asked us to take judicial notice of "twenty documents that have been filed in various courts," apparently federal courts of several persuasions. We say "apparently" because although the request exceeded 500 pages, it was not paginated sequentially, so we would have to examine each of the 500 plus pages to determine both the documents' origins and where one document ends and the next one begins. We are not going to do this. (See *Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 745 [court will not search through voluminous record].)

Examining the table of contents indicates that the contents of all but one of these documents are not judicially noticeable. With one exception, they are briefs or declarations or similar documents. We may take judicial notice of the fact that they were filed, but not of the truth of their contents. (See *Day v. Sharp* (1975) 50 Cal.App.3d 904, 914.) They are not orders, findings of fact and conclusions of law, or judgments. (*Ibid.*) Since the fact that these documents were filed in these other cases is irrelevant to this one, we deny the request as to all but one of the documents on this basis.

The exception is a memorandum opinion and order sustaining the Rescap Borrower Claims Trust's objections to the claim filed by appellant, a 44-page published

17

opinion in a Southern District of New York bankruptcy case, filed on December 22, 2014, after judgment was entered against her in this action. (See *In re Residential Capital, LLC* (S.D.N.Y 2014) 523 B.R. 24.) As set forth in the New York opinion, appellant made claims in the Rescap bankruptcy identical to those made in this case. The bankruptcy judge found all of them meritless, including her claim for wrongful foreclosure, sustained the bankruptcy trustee's objections, and disallowed and expunged all of appellant's claims in the Rescap's bankruptcy. Why appellant would seek judicial notice of this document is a mystery, as it only confirms her California case's lack of merit. It is irrelevant here, however, since the action underlying this appeal was dismissed on other grounds, most prominently appellant's failure to respond to discovery, and before the New York court issued its opinion. We therefore deny the request to judicially notice this document. (See *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 295 and fn. 21.)

U.S. Bank requested judicial notice of two proofs of claims filed in the Rescap bankruptcy, claims that were disallowed in December 2014. U.S. Bank asserts that the disallowance of these claims in December 2014 is res judicata in this appeal.

Res judicata was not raised as an issue in the trial court, and we decline to consider it for the first time here. Moreover, the bankruptcy court had not yet disallowed appellant's claims when the trial court entered its judgment(s) dismissing her California case. "The doctrine of res judicata gives certain conclusive effect to a *former* judgment in *subsequent* litigation involving the same controversy." (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 334, p. 938 (italics added).) The bankruptcy court's disallowance of appellant's claims is not a *former* judgment; it was issued after judgment was entered in this case. U.S. Bank's request for judicial notice is denied.

To conclude, appellant might have avoided many of the difficulties she experienced during the course of this lawsuit by engaging competent counsel. Counsel might have been able to straighten out the various strands of this case, thereby clearing up

18

the confusion generated by calling everything "wrongful foreclosure." Counsel most probably would have responded to U.S. Bank's discovery, preventing the deemed admission of requests for admission and terminating sanctions for discovery misuse. Counsel might have been able to mount a proper defense to a motion for summary judgment, instead of giving away the store by failing to follow correct procedure and making only irrelevant points. And competent counsel could have structured this appeal so that the major issues were properly framed for review and not waived by a failure to observe the rules of appellate practice. We can only echo what appellant was repeatedly told as she made her way through the trial court: "You needed a lawyer."

## DISPOSITION

The appeal from the judgment entered after the entry of the order granting respondent's motion for terminating sanctions is dismissed. The judgment entered after the order granting respondent's motion for summary judgment is affirmed. The parties' requests for judicial notice are denied. Respondent is to recover its costs on appeal.


BEDSWORTH, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


THOMPSON, J.


19