Filed 3/4/15; pub. & mod. order 4/2/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ROBERT T. ELLIS,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ISABEL M. ELLIS,<br><br>    Defendant and Appellant. | B248860<br><br>(Los Angeles County<br>Super. Ct. No. BD506532) |

    APPEAL from a judgment of the Superior Court of Los Angeles County, Christine W. Byrd, Judge.  Dismissed.

    Allan L. Dollison, for Defendant and Appellant.

    Gallagher & Moore, Shannon Gallagher; Keith E. Dolnick for Plaintiff and Respondent.

**INTRODUCTION**

Respondent Robert Ellis filed a petition to dissolve his marriage to appellant Isabel Ellis on May 27, 2009. [1] Following a court trial on the dissolution, the court entered judgment on March 11, 2013. A second judgment was entered on March 18, 2013; it made handwritten changes to a single paragraph of the original. Then, on May 15, 2013, the court issued an order directing the clerk to make additional modifications to the judgment. On May 17, 2013, Isabel filed her notice of appeal, listing and attaching only the second, March 18, 2013 judgment. Robert contends that Isabel's time to appeal runs from the original judgment entered on March 11, 2013, and her appeal is therefore untimely. We agree and dismiss the appeal.

**FACTUAL AND PROCEDURAL HISTORY**

We relate herein only the background information necessary to resolve the timeliness issue presented. The parties were married on June 19, 1999. Robert filed a petition to dissolve the marriage on May 27, 2009. Following a six-day court trial conducted between September 2011 and June 2012, the court issued a Tentative Statement of Decision on November 28, 2012. Therein, the court ordered Robert to prepare and submit a judgment in accordance with the court's decision and the parties' partial settlement agreement, to be submitted to Isabel's counsel for review and approval or objection. Robert lodged his proposed judgment on January 17, 2013, indicating that Isabel and her counsel had refused to approve the draft.

Robert's proposed judgment was entered by the court as the judgment on March 11, 2013, and the Notice of Entry of Judgment was filed and served on the parties by the clerk the same day. The judgment addresses, among other things, the division of the parties' assets in contention, the award of spousal support to Isabel, and the contribution by Robert to Isabel's attorney's fees and costs.

On March 18, 2013, the court entered a second judgment, with the Notice of Entry of Judgment filed and served by the clerk the same day. The second judgment, which is

---

[1]    The parties will be referred to as Robert and Isabel because they share a surname.

not labeled as "amended," "modified," or "corrected," is identical to the first judgment, except for handwritten changes to a single paragraph.[2]  Paragraph 12 in the original judgment provided:  "[o]nce all property is divided at trial or by further stipulation, an equalizing payment shall be paid to [Isabel] in an amount yet to be determined."  The revised paragraph 12 in the second judgment read:  "[a]ll property to be divided shall be divided forthwith and equalizing payment shall be paid to [Isabel] within thirty (30) days after entry of judgment."

Isabel filed a motion to correct the judgment on April 9, 2013, noting that the parties had previously agreed to an equalizing payment related to the division of their Individual Retirement Accounts (IRAs), and thus seeking to modify the judgment to add language that the division of the IRAs was subject to the equalizing payment from Robert to Isabel.  The court issued an order on May 15, 2013, granting Isabel's motion and ordering the clerk to correct the judgment[3] by adding language that the division of the IRAs was subject to the equalizing payment and further modifying paragraph 12 to read: "[a]ll property to be divided under this Judgment shall be divided forthwith and in no case later than ten (10) days from the date of this Order, and any equalizing payment shall be calculated as set forth below and paid to [Isabel] no later than September 1, 2013. . . ."  The order further added several subparagraphs setting forth requirements for the calculation of the equalizing payment and the payment of the same.

Isabel, who is a licensed California attorney, filed her notice of appeal in pro per on May 17, 2013.  While it was filed two days after the court issued its May 15, 2013 order correcting the judgment, the notice of appeal listed and attached only the March 18, 2013 judgment.

---

[2]    The record contains no explanation for the court's issuance of two judgments in seven days, apart from the revision made to the second judgment itself.  In any event, neither party disputes that both judgments were properly entered and served.

[3]    The court in this order states that "[j]udgment in this matter was entered on March 18, 2013."  There is no reference to the original judgment entered on March 11, 2013.

Robert filed a motion to dismiss the appeal on April 25, 2014, arguing that the notice of appeal was untimely as to the March 11, 2013 judgment. Isabel, represented by counsel, opposed.[4] In an order signed by Acting Presiding Justice Willhite, we summarily denied the motion.[5]

**DISCUSSION**

*A. The March 18, 2013 Judgment Did Not Substantially Modify the Original Judgment*

"Compliance with the time for filing a notice of appeal is mandatory and jurisdictional. [Citation.] If a notice of appeal is not timely, the appellate court must dismiss the appeal." (*Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 582; see also California Rules of Court, rule 8.104(b) ["[N]o court may extend the time to file a notice of appeal. If a notice of appeal is filed late, the reviewing court must dismiss the appeal."].) California Rules of Court, rule 8.104(a)(1), contains the

---

[4] The Notices of Entry of both the March 11 and March 18, 2013 judgments were served on Isabel's trial counsel as her counsel of record. In her declaration submitted in opposition to Robert's motion to dismiss the appeal, Isabel claimed she never received notice of the March 11, 2013 judgment from her then-counsel and that she therefore had "always been informed and believed that the 3-18-13 judgment was the one and only Judgment in this case." It is unclear from the record when Isabel's trial counsel ceased representation of her or when she engaged her current appellate counsel—she filed her notice of appeal in pro per but at that time was already using her current counsel in some capacity, including assistance with her with her April 2013 motion to correct the judgment. She did not repeat this argument in her opening or reply briefs on appeal. Instead, she complains that she was forced to "pick and choose" which judgment to appeal and implies that she was confused by the court's filing of two judgments one week apart.

[5] Of course, a summary denial of a motion to dismiss an appeal does not "preclude later full consideration of the issue, accompanied by a written opinion, following review of the entire record and the opportunity for oral argument." (*Kowis v. Howard* (1992) 3 Cal.4th 888, 900, overruling the contrary holding in *Pigeon Point Ranch, Inc. v. Perot* (1963) 59 Cal.2d 227, 230–231; *accord, Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 509, fn. 6 (*Dakota Payphone*); see also *Department of Industrial Relations v. Nielsen Construction Co.* (1996) 51 Cal.App.4th 1016, 1023, fn. 6 [summary denial of motion to dismiss the appeal in an order signed by only one Justice cannot constitute law of the case].)

applicable time period for filing a notice of appeal. It provides that a notice of appeal must be filed "on or before the earliest of . . . 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served."

The first Notice of Entry of Judgment reflects service of the document by mail on Isabel's counsel of record on March 11, 2013. Accordingly, the last day to appeal the March 11, 2013 judgment was May 10, 2013. Isabel did not file her appeal until May 17, 2013.

Isabel contends, however, that her time to appeal did not begin to run until she was served with the Notice of Entry of the second judgment, on March 18, 2013. The resolution of this issue turns on whether the second, March 18, 2013 judgment superseded the original judgment for purposes of rule 8.104. California courts have articulated the applicable test as whether the revised judgment results in a "substantial modification" of the judgment. (*Dakota Payphone, supra,* 192 Cal.App.4th at pp. 504-508; see also *Stone v. Regents of University of California* (1999) 77 Cal.App.4th 736, 743-744 (*Stone*).) If so, the revised judgment supersedes the original and becomes the one final, appealable judgment in the action. (*Dakota Payphone, supra,* 192 Cal.App.4th at p. 504.) If not, any changes are considered to relate back to the original judgment and the time to appeal runs from the entry of the first judgment. (*Ibid.*)

A "substantial modification" is defined as one "materially affecting the rights of the parties." (*Dakota Payphone, supra*, 192 Cal.App.4th at p. 505; see also *Stone, supra*, 77 Cal.App.4th at p. 744.) In other words, "[t]he crux of the problem [] is whether there is a substantial change in the rights of the parties such that allowing an amendment nunc pro tunc (relating back to the original judgment) would unfairly deprive them of the right to contest the issue on appeal. . . . Thus, it is ultimately the parties' ability to challenge the ruling that is key. The right we are concerned with materially affecting is the right to appeal." (*Dakota Payphone, supra*, 192 Cal.App.4th at pp. 506-508.) So, for example, in *Dakota Payphone*, the trial court modified the default judgment to strike the portion of the damages award that was in excess of the damages requested in the complaint. (*Id*. at

5

p. 499.) While the result reduced the award by over $4 million, the Court of Appeal noted that the real issue was not the size of the award, but whether the defendant's right to appeal was affected by the amendment, and concluded that it was not, stating that "[t]hough the monetary positions of the litigants have been changed, in doing so the trial court did not deprive the parties of their ability to challenge any portion of the judgment." (*Id*. at p. 509.) In other words, if "a party can obtain the desired relief from a judgment before it is amended, he must act—appeal therefrom—within the time allowed after its entry." (*George v. Bekins Van & Storage Co.* (1948) 83 Cal.App.2d 478, 481–482.) Conversely, courts have found a substantial modification where a judgment was amended to require payment by the losing party of an additional nine months of costs (*Stone, supra*, 77 Cal.App.4th at p. 743), or where a damages award was reduced to account for the plaintiff's comparative fault (*Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 767 [reduction "materially altered [plaintiff's] rights of recovery because it changed the formula used to calculate damages"].)

We note that some courts have suggested a distinction between a "judicial" change and a "clerical error" as the test for whether there was a substantial modification. (See, e.g., *Stone, supra*, 77 Cal.App.4th at pp. 744–745 [changes that "do not involve the exercise of the judicial function" are clerical and not substantial]; *Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222 ["'The effect of an amended judgment on the appeal time period depends on whether the amendment substantially changes the judgment or, instead, simply corrects a clerical error.' (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2006) ¶ 3:56, pp. 3–24 to 3–25.)"].) We follow the *Dakota Payphone* and *Sanchez* courts, among others, in rejecting this approach, as "some corrections of clerical errors will substantially change the judgment. Also, all insubstantial changes to judgments do not necessarily involve the correction of clerical errors." (*Sanchez, supra*, 200 Cal.App.4th at p. 766; see also *Dakota Payphone, supra*, 192 Cal.App.4th at p. 506; *Stone, supra*, 77 Cal.App.4th at p. 744 [ultimately analyzing whether modification "materially affected" the appealing party's rights].)

6

Here, Isabel asserts that the amended paragraph 12 of the judgment was a "substantial change" but does not articulate why that is so.[6] We are not persuaded. The only change the March 18, 2013 judgment made was to establish the timing of the remaining division of property ("forthwith") and to set a deadline of 30 days following entry of judgment for Robert to pay the equalizing payment to Isabel. This modification thus did not change the amount to be paid, Isabel's rights to receive any payment, or any other rights that Isabel would have been unable to raise on appeal from the March 11, 2013 original judgment. As such, the March 18, 2013 judgment did not constitute a substantial or material change, and the March 11, 2013 judgment remained the final judgment for the purpose of establishing the time to appeal.[7]

Isabel argues that the trial court "ruled" that the March 18, 2013 judgment was the "one true judgment" and asks that we uphold that result. In support of this contention, she points to two subsequent orders of the court in which it referred only to the March 18 judgment—the May 15, 2013 order correcting the judgment and an order issued

---

[6]    She also declares, without support, that Robert's recitation of the "substantial modification" test urges a "new and unprecedented rule," but then relies on the same test.

[7]    At oral argument, Isabel asserted for the first time that the March 18, 2013 judgment "controls" as the "final" judgment pursuant to Code of Civil Procedure section 557 and *Worthington Corp. v. El Chicote Ranch Properties, Ltd.* (1967) 255 Cal.App.2d 316 (*Worthington*). We granted leave for Robert to file a responsive letter brief addressing this authority, which he did on February 25, 2015. We find Isabel's argument unpersuasive. Section 557 simply defines a judgment as the "final determination of the rights of the parties in an action or proceeding." *Worthington* discusses the "rule of thumb" that where there are two judgments shown in the clerk's transcript, the latter is the official judgment with respect to the terms of the judgment, in the absence of a showing to the contrary. (*Worthington*, *supra*, 255 Cal.App.2d at p. 325.) Notably, *Worthington* did not address the issue of the timeliness of an appeal but simply confirmed that there may only be one final judgment in a case. (*Ibid*.) There is no dispute here about what language in the March 11, March 18 and May 15, 2013 judgments would control the rights of the parties. Rather, our analysis focuses on whether the modifications made in the March 18, 2013 judgment were substantial enough to alter Isabel's rights to appeal so that her time to appeal runs from its entry, or whether those modifications relate back to the original judgment, so that the time to appeal is not extended. None of Isabel's cited authority deals with, or alters, this analysis.

December 12, 2013, regarding the equalization payment and attorney's fees. But the issue of whether the amended judgment was a substantial modification was never before the trial court and it accordingly never ruled on that subject (nor, of course, would we be bound by such a ruling in any event). The factual statement by the trial court that "judgment was entered on March 18, 2013," without more, does not suggest that the court even considered the issue. Rather, the court's recitation of the date of the judgment simply could have the most recent judgment listed on the docket, or Isabel's reference to that date in her moving papers. Moreover, the trial court's intent in modifying the judgment, even if we knew what it was, is irrelevant; the focus of our inquiry is whether that modification affected Isabel's rights on appeal. Further, Isabel could not have relied on these statements by the trial court in making a decision on when to appeal, since the first document in which the court refers to the March 18 judgment was not issued until May 15, 2013, five days after her notice of appeal was due.

Isabel next cites to *Insyst, Ltd. v. Applied Materials, Inc.* (2009) 170 Cal.App.4th 1129 (*Insyst*) as the case with the "closest . . . set of facts" to the instant case. We disagree that *Insyst* is applicable here. *Insyst* involved the question of whether the time to appeal ran from the service of an email notice that the judgment had been electronically filed, with a hyperlink that led to the judgment, or from the Notice of Entry of Judgment subsequently served by regular mail. (*Id*. at pp. 1133-1134.) The court concluded that because the email did not transmit to the parties either a Notice of Entry of Judgment or a file-stamped copy of the judgment, it did not trigger the 60-day appeal period. (*Id*. at p. 1140.) This case, unlike *Insyst*, does not involve a question of the method of transmission or the adequacy of the notice served, but rather whether a slightly altered judgment constitutes a "substantial modification" for the purposes of calculating the time to appeal. Isabel's claim that *Insyst* stands for the proposition that "the Court's errors were not to be imputed upon the Appellant" is inapposite, both because the decision in that case did not hinge on any purported error by the court but rather on a careful analysis of the applicable statutory framework, and because there is no evidence in the record that the entry and service of either the March 11 or March 18 judgment was the result of an

8

"error" by the court.  While it is unfortunate that the circumstances here may have caused some confusion for Isabel, in the face of a validly served Notice of Entry of Judgment on March 11, 2013, the prudent course of action would have been to appeal from both the March 11 and March 18 judgments within the 60-day period running from the original judgment.[8]

Isabel also asks that we "resolve any uncertainties or ambiguities in favor of preserving the right to appeal," citing *Insyst* and *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894 (*Alan*).  The court in *Insyst* did not rely on this principle.  (*Insyst, supra*, 170 Cal.App.4th at p. 1139.)  *Alan*, similarly, addressed whether various documents mailed by the clerk satisfied rule 8.104(a)(1).  (*Alan*, *supra*, 40 Cal.4th at pp. 898-899.)  Here, there is no question that the Notice of Entry of Judgment served by the clerk on March 11, 2013, satisfied the requirements of rule 8.104.  Thus, there is no uncertainty or ambiguity that would allow us to resolve this issue in Isabel's favor.

*B.  Isabel Did Not Appeal From the May 15, 2013 Corrected Judgment*

In the alternative, Isabel argues that the May 15, 2013 judgment constituted a substantial modification and therefore reset her time to appeal.  The critical problem with this argument, which Isabel does not address, is that she did not include the May 15, 2013 judgment in her notice of appeal.  Nor did Isabel's opening brief assert that she had a right to appeal from the May 15, 2013 judgment.[9]  Thus, although we may "liberally construe" a notice of appeal in favor of a right to appeal, we cannot do so where every indication in the record is that Isabel intended to appeal from only the March 18, 2013 judgment.  (See *Norco Delivery Service, Inc. v. Owens–Corning Fiberglas, Inc.* (1998) 64 Cal.App.4th 955, 960–961 [notice may be liberally construed in favor of appeal where

---

[8]     The record would have been clearer if  the trial court had labeled the March 18 judgment as an "amended" judgment.  However, it would not change our determination that the revised March 18, 2013 judgment was not a "substantial modification" of the March 11, 2013 judgment.

[9]     Isabel's opening brief was filed following Robert's briefing on his motion to dismiss this appeal, in which he argued that Isabel had failed to appeal from the May 15, 2013 judgment.

9

"the faulty notice of appeal engenders no prejudice and causes no confusion concerning the scope of the appeal."].) Our jurisdiction is "limited in scope to the notice of appeal and the judgment appealed from. [Citation.]" (*Dakota Payphone, supra*, 192 Cal.App.4th at p. 504.) Isabel's notice of appeal squarely implicates only the March 18, 2013 judgment and is therefore untimely.

## DISPOSITION

This appeal is dismissed as untimely. In the interests of justice, the parties are to bear their own costs on appeal. (California Rules of Court, rule 8.278(a)(5).)

COLLINS, J.

We concur:

WILLHITE, Acting P. J.

MANELLA, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ROBERT T. ELLIS,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ISABEL M. ELLIS,<br><br>　　　Defendant and Appellant. | B248860<br><br>(Los Angeles County<br>Super. Ct. No. BD506532)<br><br>MODIFICATION AND ORDER<br>CERTIFYING OPINION<br>FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on March 4, 2015 be modified as follows:

On page 2, third paragraph, first sentence, insert the "court" before the word "clerk" so that the sentence reads:

Robert's proposed judgment was entered by the court as the judgment on March 11, 2013, and the Notice of Entry of Judgment was filed and served on the parties by the court clerk the same day.

On page 2, third paragraph, in the second sentence that begins "The judgment" change "addresses" to "addressed." So that the sentence reads: The judgment addressed among other things, the division of the parties' assets in contention, the award of spousal support to Isabel, and the contribution by Robert to Isabel's attorney's fees and costs.

On page 2, fourth paragraph, second sentence which begins: "The second judgment," remove "as" so the sentence reads: The second judgment, which is not

labeled "amended," "modified," or "corrected," is identical to the first judgment, except for handwritten changes to a single paragraph.

On page 3, in the first sentence of the first full paragraph, change the order of "had previously" so that the sentence reads:  Isabel filed a motion to correct the judgment on April 9, 2013, noting that the parties previously had agreed to an equalizing payment related to the division of their Individual Retirement Accounts (IRAs), and thus seeking to modify the judgment to add language that the division of the IRAs was subject to the equalizing payment from Robert to Isabel.

On page 3, second paragraph, first sentence, add periods after pro and per, so that the sentence reads:  Isabel who is a licensed California attorney, filed her notice of appeal in pro. per. on May 17, 2013.

On page 4, second paragraph, in the parenthetical, abbreviate California Rules of Court, so that the citation reads:  (*Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 582; see also Cal. Rules of Court, rule 8.104(b) ["[N]o court may extend the time to file a notice of appeal.

On page 4, footnote 4, the third sentence at line 7, change "representation" "to representing" and delete "of," in line 8, insert periods after "pro" and "per" and in line 9, delete the second "with her" so that the sentence reads:  It is unclear from the record when Isabel's trial counsel ceased representing her or when she engaged her current appellate counsel—she filed her notice of appeal in pro. per. but at that time was already using her current counsel in some capacity, including assistance with her April 2013 motion to correct the judgment.

On page 4, footnote 5, line 5, in the citation that begins after first full sentence, delete italics from "accord" and in line 8, change the word "Justice" from upper case to lower case so that the citation reads:

(*Kowis v. Howard* (1992) 3 Cal.4th 888, 900, overruling the contrary holding in *Pigeon Point Ranch, Inc. v. Perot* (1963) 59 Cal.2d 227, 230–231; accord*, Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 509, fn. 6 (*Dakota Payphone*); see also *Department of Industrial Relations v. Nielsen Construction Co.* (1996) 51

Cal.App.4th 1016, 1023, fn. 6 [summary denial of motion to dismiss the appeal in an order signed by only one justice cannot constitute law of the case].)

On page 5, second full paragraph, the sentence that begins "If so," delete "one" so that the sentence reads: If so, the revised judgment supersedes the original and becomes the final, appealable judgment in the action.

On page 6, at the end of the first paragraph, add "(*Sanchez.*)" after the brackets so that the sentence reads: Conversely, courts have found a substantial modification where a judgment was amended to require payment by the losing party of an additional nine months of costs (*Stone, supra*, 77 Cal.App.4th at p. 743), or where a damages award was reduced to account for the plaintiff's comparative fault (*Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 767 [reduction "materially altered [plaintiff's] rights of recovery because it changed the formula used to calculate damages"] (*Sanchez*).)

On page 7, footnote 7, line 2, add a comma after Code of Civil Procedure so that the sentence reads: At oral argument, Isabel asserted for the first time that the March 18, 2013 judgment "controls" as the "final" judgment pursuant to Code of Civil Procedure, section 557 and *Worthington Corp. v. El Chicote Ranch Properties, Ltd.* (1967) 255 Cal.App.2d 316 (*Worthington*).

At line 13 of the same footnote, the sentence that begins with "There is" add a comma after March 18 so that the sentence reads: There is no dispute here about what language in the March 11, March 18, and May 15, 2013 judgments would control the rights of the parties.

On page 8, in the first paragraph, the sentence that begins "Rather, the court" insert the word "reflected" between the words "have" and "the" so that the sentence reads:

Rather, the court's recitation of the date of the judgment simply could have reflected the most recent judgment listed on the docket, or Isabel's reference to that date in her moving papers.

On page 8, first full paragraph, first sentence, delete the word "to" so the sentence reads:  Isabel next cites *Insyst, Ltd. v. Applied Materials, Inc.* (2009) 170 Cal.App.4th 1129 (*Insyst*) as the case with the "closest . . . set of facts" to the instant case.

On page 8, of the first full paragraph, in the sentence at line 12 that begins "Isabel's claim that" insert the word "here" between the words "record" and "that" so that the sentence reads:

Isabel's claim that *Insyst* stands for the proposition that "the Court's errors were not to be imputed upon the Appellant" is inapposite, both because the decision in that case did not hinge on any purported error by the court but rather on a careful analysis of the applicable statutory framework, and because there is no evidence in the record here that the entry and service of either the March 11 or March 18 judgment was the result of an "error" by the court.

On page 9, first full paragraph, the third sentence beginning "*Alan*, similarly," insert California Rules of Court, after the word "satisfied" so that the sentence reads:

*Alan*, similarly, addressed whether various documents mailed by the clerk satisfied California Rules of Court, rule 8.104(a)(1).

In the same paragraph in the sentence that begins "Here, there" delete the comma after March 11, 2013 so that the sentence now reads:

Here, there is no question that the Notice of Entry of Judgment served by the clerk on March 11, 2013 satisfied the requirements of rule 8.104.

On page 9, line 1 of footnote 8, delete the extra space between the words "if" and "the."

The opinion in the above-entitled matter filed on March 4, 2015, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

COLLINS, J.                              WILLHITE, Acting P.J.                              MANELLA, J.