**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  AZIZOLAH JAVAHERY, | No.    17-60031 |
| Debtor, | BAP No. 16-1195 |
| ------------------------------- | |
| AZIZOLAH JAVAHERY, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| SORAYA JAVAHERI-LEITNER; SIMIN JAVAHERY-KHOJASTEGAN, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Faris, and Clement, Bankruptcy Judges, Presiding

Submitted November 5, 2018[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and HURWITZ, Circuit Judges, and BOUGH,[***] District Judge.

Debtor-Appellant Azizolah Javahery (Javahery) appeals the bankruptcy court's determination on summary judgment that the debt arising from the fraud and conversion judgment obtained by Appellees Soraya Javaheri-Leitner and Simin Javahery-Khojastegan (together, Appellees) against Javahery is nondischargable.

We have jurisdiction under 28 U.S.C. § 158(d)(1). We review the bankruptcy court's grant of summary judgment *de novo*. *See Khan v. Barton (In re Khan)*, 846 F.3d 1058, 1062-63 (9th Cir. 2017). We review *de novo* the determination that issue preclusion is available, and for abuse of discretion the decision to apply issue preclusion. *See Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir. 2006).

Debts are nondischargeable if they arise from a debtor's fraudulent conduct, *see* 11 U.S.C. § 523(a)(2), or from a debtor's "willful and malicious injury" to the property of another. 11 U.S.C. § 523(a)(6). Relying on the determination of the California Superior Court that Javahery 1) "acted with malice, oppression and fraud," 2) launched "a systemic campaign of fraud" against Appellees, 3) willfully

---

[***] The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

converted Appellees' assets, and 4) merited the award of punitive damages, the bankruptcy court held that Javahery's debts to Appellees were not dischargeable.

The bankruptcy court properly relied on the state court's judgment and statement of decision for the purpose of issue preclusion. *See Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245-46 (9th Cir. 2001). Contrary to Javahery's assertion that the state court decision lacked an adequate finding of fraud,[1] the record reflects that the issues of fraud and malice, as required by 11 U.S.C. §§ 523(a)(2) and (a)(6), were "identical to [those] decided in [the state court] proceeding," were "actually litigated," and were "necessarily decided" against Javahery. *See id.* Only the issue of the judgment's finality remains. *See id*. at 1245.

Javahery asserts that his objection to the statement of decision rendered the state court judgment not final under California Code of Civil Procedure § 634.[2]

---

[1] Javahery's other attacks on the underlying judgment are unavailing. He maintains that "[t]here is no independent cause of action for punitive damages," but the state court judgment awarded punitive damages for fraud, not as a separate cause of action. Similarly, while *res judicata* is not available when "a plaintiff attempts to divide a primary right and enforce it in two suits," Appellees filed only one action. *Crowley v. Katleman*, 881 P.2d 1083, 1090 (Cal. 1994).

[2] California Code of Civil Procedure § 634 provides:

When a statement of decision does not resolve a controverted issue, or if the statement is ambiguous and the record shows that the omission or ambiguity

(continued...)

3

However, correction of a clerical error is not a substantial modification affecting the finality of the judgment. *See Ellis v. Ellis*, 235 Cal. App. 4th 837, 842-43 (2015). As Javahery argued to the state court, the requested modification would correct a "clerical error" that was "essentially [a] cut and paste error in the language of the judgment."

**AFFIRMED.**

---

[2](...continued)
was brought to the attention of the trial court either prior to entry of judgment or in conjunction with a motion under Section 657 or 663, it shall not be inferred on appeal or upon a motion under Section 657 or 663 that the trial court decided in favor of the prevailing party as to those facts or on that issue.