Filed 5/12/22  Pasternak v. Villalon CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOSEPH PASTERNAK, | |
| Plaintiff and Respondent, | G060780 |
| v. | (Super. Ct. No. 30-2018-00990112) |
| ANGELITA VILLALON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Derek W. Hunt Judge.  Motion to dismiss appeal.  Granted.  Request for judicial notice.  Granted.

Law Office of David Y. Nakatsu and David Y. Nakatsu for Defendant and Appellant.

Maurice Mandel II for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Defendant and appellant Angelita Villalon filed a notice of appeal from an amended judgment entered against her in a quiet title action. She also filed a notice of appeal from the original judgment, but we dismissed that appeal for her failure to designate a record. Plaintiff and respondent Joseph Pasternak has moved to dismiss the appeal from the amended judgment on the ground the notice of appeal was not timely filed with respect to the original judgment. The issue presented by the motion to dismiss the appeal is whether the amended judgment substantially modified the original judgment such that the amended judgment superseded the original judgment and became the final, appealable judgment for purposes of determining whether the notice of appeal was timely under California Rules of Court, rule 8.104.

We conclude the amended judgment did not result in a substantial modification of the original judgment and, therefore, the original judgment remained the final, appealable judgment. As the notice of appeal from the amended judgment was not timely filed as to the original judgment, we grant the motion to dismiss the appeal.

FACTS AND PROCEDURAL HISTORY

Our recitation of the facts and procedural history is limited to what is necessary to resolve the motion to dismiss.[1]

In May 2018, Pasternak filed a complaint against Villalon to quiet title to real property. Default against Villalon was entered in July 2018. In March 2021 a default prove-up hearing was conducted. The court found in favor of Pasternak and quieted title in his favor by expunging an interspousal transfer grant deed.

---

[1] In support of his motion to dismiss the appeal, Pasternak filed two separate requests for judicial notice. Villalon has not opposed either request. We granted the first request for judicial notice in an order directing Villalon to submit opposition to the motion to dismiss. We now grant the second request, which seeks judicial notice of several documents filed in the trial court. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

2

Judgment on Pasternak's complaint was entered on June 17, 2021, and notice of entry of judgment was served on the same day. The judgment decrees: "Plaintiff Joseph Pasternak shall have and recover judgment against defendant Angelita Villalon on the single cause of action of his complaint expunging that certain interspousal deed recorded on March 29, 2011 . . . ." Villalon filed a notice of appeal from the judgment on August 5, 2018. That appeal was assigned Case No. G060559.

In preparing to record the judgment, Pasternak's counsel found errors in the legal description of the real property subject to the interspousal transfer grant deed. Counsel filed a declaration requesting the trial court correct the errors and add to the judgment the assessor's parcel number for the real property and the instrument number for the interspousal transfer grant deed. Counsel's declaration and a proposed amended judgment were served on Villalon's counsel. Villalon did not oppose the request to correct the judgment.

An amended judgment (the Amended Judgment) was entered on August 16, 2021. The Amended Judgment modified the judgment in accordance with Pasternak's request by:

1. Changing the phrase "Southeasterly 150,22 feet" in the property description to "Southwesterly 150.22 feet."

2. Changing "126,00 feet" in the property description to "126.00 feet."

3. Inserting the street address and assessor's parcel number immediately after the property description.

4. Inserting "instrument number 2011000160708" after "Interspousal Transfer Grant Deed" in the fourth paragraph.

5. Inserting "instrument number 2011000160708" after "interspousal deed" in the fifth paragraph.

The Amended Judgment decrees: "Plaintiff Joseph Pasternak shall have and recover judgment against defendant Angelita Villalon on the single cause of action of

3

his complaint expunging that certain interspousal deed *instrument number 2011000160708* recorded on March 29, 2011." The italicized matter is the only addition from the original judgment.

In September 2021, this court dismissed the appeal in Case No. G060559 for Villalon's "failure to designate the record on appeal in a timely manner." Remittitur was issued on November 5, 2021.

On October 15, 2021, Villalon filed a notice of appeal from the Amended Judgment. Pasternak filed a motion to dismiss the appeal. We stayed briefing in this matter pending resolution of the motion to dismiss.

### DISCUSSION

"'Compliance with the time for filing a notice of appeal is mandatory and jurisdictional.'" (*Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 842 (*Ellis*).) The appellate court must dismiss the appeal if the notice of appeal was not timely filed. (*Ibid.*; see Cal. Rules of Court, rule 8.104(b) ["no court may extend the time to file a notice of appeal. If a notice of appeal is filed late, the reviewing court must dismiss the appeal"].) California Rules of Court, rule 8.104(a)(1)(A) states a notice of appeal must be filed "on or before the earliest of:" "60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served."

The superior court clerk served notice of entry of the original judgment on June 17, 2021. Villalon's notice of appeal from that judgment was timely; however, that appeal has been dismissed and remittitur issued. Villalon's notice of appeal from the amended judgment was filed on October 15, 2021, which was within 60 days of service of notice of entry of the Amended Judgment but more than 60 days after service of the notice of entry of the original judgment. The notice of appeal from the amended judgment was therefore untimely as to the original judgment.

4

Pasternak argues the appeal must be dismissed because the original judgment, not the Amended judgment, was the final judgment from which an appeal may be taken. The resolution of this argument turns on whether the Amended Judgment superseded the original judgment for purposes of California Rules of Court, rule 8.104. An amended judgment supersedes the original and becomes the final, appealable judgement if the amended judgment results in a "'substantial modification'" of the judgment. (*Ellis*, *supra*, 235 Cal.App.4th at p. 842; see *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504-508 (*Dakota Payphone*); *Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 764-767 (*Sanchez*).) If the amended judgment does not result in a substantial modification of the judgment, then the time to appeal runs from the entry of the first judgment. (*Ellis*, at p. 842; *Dakota Payphone*, at pp. 504, 509.)

"A 'substantial modification' is defined as one 'materially affecting the rights of the parties.'" (*Ellis*, *supra*, 235 Cal.App.4th at p. 842, quoting *Dakota Payphone, supra*, 192 Cal.App.4th at p. 505.) The right referred to is the right to appeal; that is, the question is "'whether there is a substantial change in the rights of the parties such that allowing an amendment nunc pro tunc (relating back to the original judgment) would unfairly deprive them of the right to contest the issue on appeal . . . .'" (*Ellis*, at p. 842.) If a party can obtain the desired appellate relief from an original judgment before it is amended, then that party must file a notice of appeal within the time permitted after the original judgment's entry. (*Id*. at p. 843, citing *George v. Bekins Van & Storage Co.* (1948) 83 Cal.App.2d 478, 481.)

In *Ellis*, *supra*, 235 Cal.App.4th 837, a judgment in a marital dissolution action provided for an equalizing payment to the appellant in an amount to be determined once all property was divided. (*Id*. at p. 840.) A revised judgment was entered stipulating the property be divided "'forthwith'" and the equalizing payment be made within 30 days after entry of judgment. (*Ibid*.) The appellant filed a notice of appeal from the revised judgment but not from the original judgment. (*Id*. at p. 841.) The Court

5

of Appeal granted the respondent's motion to dismiss the appeal because the revised judgment, which only established the timing of the property division and deadline for making the equalizing payment, did not result in a substantial modification of judgment. (*Id*. at pp. 844.) The revised judgment "did not change the amount to be paid, [appellant]'s rights to receive any payment, or any other rights that [appellant] would have been able to raise on appeal from the . . . original judgment." (*Id*. at p. 844.)

In *Dakota Payphone, supra*, 192 Cal.App.4th 493, the trial court modified a default judgment to strike the portion of the damages award that was in excess of the damages prayed for in the complaint. (*Id*. at p. 499.) The appellant filed a notice of appeal from the amended judgment only. (*Id.* at pp. 499, 509.) The Court of Appeal dismissed the appeal on the ground the notice of appeal was untimely as to the original judgment. (*Id*. at p. 510.) Although the amended judgment reduced the amount of damages by over $4 million, it did not materially affect the parties' rights. The amended judgment did not deprive any party of the right to challenge any portion of the judgment, and a challenge to the reduction in damages could have been raised by an appeal from the postjudgment order modifying the judgment. (*Id*. at p. 509.)

In *Sanchez, supra*, 200 Cal.App.4th 758, an amended judgment was entered to reduce the amount of damages awarded to the plaintiff by about $72,800. (*Id*. at p. 764.) The Court of Appeal concluded the amended judgment was a substantial modification that restarted the time for filing the notice of appeal because the amended judgment "implemented the trial court's conclusion that the award to [the plaintiff] should be reduced to reflect his comparative fault." (*Id*. at p. 767.) The reduction in damages based on principles of comparative fault materially altered the plaintiff's rights of recovery by changing the formula used to calculate damages. (*Ibid*.)

In the present case, the Amended Judgment did not materially affect Villalon's right to appellate relief from the original judgment. Both the original judgment and the amended judgment quiet title in favor of Pasternak by expunging the interspousal

6

transfer grant deed. The Amended Judgment did not alter the decree expunging that deed or enhance or diminish the relief granted. The only changes made by the Amended Judgment were to correct the property description, add the street address and assessor's parcel number, and add the instrument number for the interspousal transfer grant deed. Those changes did not affect Villalon's right to challenge the judgment or to raise any issues relating to the correctness of the trial court's decision. The Amended Judgment did not reflect a new legal ground in support of expunging the interspousal transfer grant deed. Thus, the Amended Judgment did not constitute a substantial modification, and the time for Villalon to file a notice of appeal ran from the date of entry of the original judgment.

Villalon argues the errors in the property description and omission of the assessor's parcel number rendered the original judgment void. He cites no authority supporting that proposition, and we have found none. Instead, Villalon cites authority that a correct property description is required in a complaint for quiet title (Code Civ. Proc., § 761.020, subd. (a)), a county recorder may require, as a condition of recording, that a deed, quitclaim deed, or deed of trust, indicate the assessor's parcel number (Gov. Code, § 27297.6), and an instrument referred to in a decree should be made a part of the decree or sufficiently described in it (*Queen v. Queen* (1941) 44 Cal.App.2d 475, 482). None of those authorities support Villalon's claim the original judgment was void.

Villalon also argues the changes made by the Amended Judgment were substantial because they resulted from the exercise of judicial discretion. In making this argument, Villalon relies on case law distinguishing between changes resulting from judicial discretion and changes made to correct clerical error as the test for whether there was a substantial modification. (See, e.g., *Nestlé Ice Cream Co., LLC v. Workers' Comp. Appeals Bd.* (2007) 146 Cal.App.4th 1104, 1109 ["In the case of a civil judgment, the period for filing a notice of appeal is not extended by an amendment that corrects a clerical error, but it is extended by an amendment that effects a substantial or material

7

change or involves the exercise of a judicial function or judicial discretion"].)  More recent and better reasoned authority has rejected that dichotomy in favor of a test that asks whether the modification to the judgment materially affected the rights of the parties.  (*Ellis*, *supra,* 235 Cal.App.4th at p. 843; *Dakota Payphone, supra*, 192 Cal.App.4th at pp. 506-508; *Sanchez, supra*, 200 Cal.App.4th at pp. 766-767.)  As stated in *Sanchez*:  "We reject this dichotomy because . . . some corrections of clerical errors will substantially change the judgment.  Also, all insubstantial changes to judgments do not necessarily involve the correction of clerical errors."  (*Sanchez*, at p. 766.)

Villalon's notice of appeal from the amended judgment was untimely as to the original judgment, which was the final, appealable judgment for purposes of California Rules of Court, rule 8.104.  We therefore have no jurisdiction over this appeal.  (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881.)

DISPOSITION

The motion to dismiss is granted and the appeal is dismissed.  Respondent shall recover costs on appeal.


SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.

8