Filed 6/24/22  Cash v. Federizo CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CONSTANCE JONES CASH, | B306935 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BP154602) |
| v. | |
| AILEEN FEDERIZO, as Trustee, etc., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael C. Small, Judge.  Affirmed.

Constance Jones Cash, in pro. per., for Plaintiff and Appellant.

Law Offices of Eric R. Yamamoto, Eric R. Yamamoto; Law Offices of Andrea Lynn Rice and Andrea Lynn Rice for Defendant and Respondent.

_____

Constance Jones Cash, Lara Bass, and Cornell Jones were beneficiaries of their mother Cleo Jones's trust, The Cleo Jones Family Trust, Dated May 8, 2012.[1] Cash appeals in propria persona from the probate court's order approving a final account, trustee and attorney fees, and distribution of the remaining trust estate to Cash, Bass, and Cornell. We affirm the order.

## BACKGROUND

We only recite those facts necessary to resolve the issues on appeal, doing so in the light most favorable to the probate court's order. (*Estate of Young* (2008) 160 Cal.App.4th 62, 76.)

Cleo created the trust and transferred her principal residence, miscellaneous real and personal property to it. She named herself as trustee, however, in the event she became incapacitated, Cash and Cornell were to become successor trustees, or, alternatively, Cash and Bass.

After Cleo became incapacitated, Bass was appointed conservator, and petitioned the probate court for an order appointing herself as successor trustee, or, alternatively, her and Cornell as successor cotrustees. In March 2015, the probate court granted Bass's petition and appointed her and Cornell as successor cotrustees.[2] The probate court granted the petition over Cash's objections. It found that Cash was unable to work with either sibling as a successor cotrustee negatively impacting her ability to administer the trust for Cleo's benefit. Bass and Cornell acted in that capacity until December 2016 when the

---

[1] For the sake of clarity, and meaning no disrespect, we refer to Cleo Jones and Cornell Jones by their first names.

[2] Cash appealed that decision but abandoned her appeal.

2

probate court appointed Federizo in response to Bass and Cornell's request for a professional fiduciary to act as successor trustee.

In September 2017, the probate court approved Bass and Cornell's first and final account and report upon resignation of successor cotrustees and petition for settlement thereof; petition to discharge cotrustees; and petition for approval of cotrustee's fees and petition for approval of attorney fees. In November 2017, Federizo filed a report of sale and petition for order confirming sale of Cleo's real property, which the probate court confirmed in December 2017. In July 2019, Federizo filed a first and final account of successor trustee; petition for fees for successor trustee and attorney for successor trustee; and petition to withhold a reserve, for final distribution, for discharge, and to exonerate bond. Cash filed objections to Federizo's final accounting and petition.

In January 2020, the probate court held a hearing and issued a minute order granting and approving Federizo's first and final account. It approved her fees and attorney fees, approved a reserve, discharged Federizo as successor trustee, and exonerated the trustee's bond upon the filing of receipts of distribution of the remaining trust estate to Bass, Cornell, and Cash.

Cash appealed.[3]

---

[3] Cash's notice of appeal identifies the probate court's January 23, 2020 minute order as the order from which she appeals. The formal order was entered on February 26, 2020.

## DISCUSSION

We lack jurisdiction to consider Cash's arguments that are directed solely to final orders that were final long before the January 2020 minute order that she identified in her notice of appeal.

While a notice of appeal must be liberally construed, our jurisdiction is limited to the notice of appeal and the judgment or order appealed from. (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967.) We have no jurisdiction over an order not mentioned in the notice of appeal. (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.)

Cash appears to challenge the 2014 appointment of Bass as conservator of Cleo and her estate, the March 2015 order appointing Bass and Cornell as successor cotrustees, the December 2016 order appointing Federizo as successor trustee, the September 2017 order approving Bass and Cornell's first and final account, and the December 2017 order confirming the sale of Cleo's real property. Those orders have long since been final. (Cal. Rules of Court, rule 8.406.) Because Cash's arguments focus only on orders that fall outside the scope of the January 2020 minute order, we lack jurisdiction to consider them. (*Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 846.)

Cash does not otherwise make any substantive challenges to the probate court's January 2020 minute order and has therefore forfeited any argument she might have made with respect to that order.[4] (See *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.)

---

[4] Federizo requested judicial notice of several documents and orders from the related conservatorship case. We deny the request as unnecessary to the disposition of this appeal.

## DISPOSITION

The order is affirmed.  Aileen Federizo is awarded her costs on appeal.

NOT TO BE PUBLISHED.


KIM, J.*

We concur:


EDMON, P. J.


EGERTON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.