Filed 3/20/24  Harter v. Rancho Rios Homeowners Assn. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| DAVID N. HARTER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>RANCHO RIOS HOMEOWNERS ASSOCIATION,<br><br>    Defendant and Respondent. | D081285<br><br><br><br>(Super. Ct. No.<br>37-2019-00022444-CU-WM-CTL) |

APPEAL from a postjudgment order of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

David N. Harter, in pro. per., for Plaintiff and Appellant.

Grimm, Vranjes & Greer, Grimm Vranjes Stephan & Bridgman, Mark Vranjes and Charles A. Phillips; Epsten, APC, Joseph A. Sammartino, Rian W. Jones, Joyce J. Kapsal for Defendant and Respondent.

This is the second appeal in this court by plaintiff and appellant David N. Harter, a self-represented and vexatious litigant, in connection with his disputes with defendant and respondent Rancho Rios Homeowners

Association (Association).[1] In the first appeal (*Harter v. Rancho Rios Homeowners Association* (June 17, 2021, D077119) [nonpub. opn.]), Harter challenged a trial court order sustaining without leave to amend Association's demurrer to his petition for writ of mandate (and denying the writ petition) arising out of a property lien on which Association had foreclosed. (*Ibid.*) Harter now appeals from a May 2022 order awarding Association $156,476.33 in costs and attorney fees, which includes $43,703.18 in attorney fees the court awarded in October 2019 in connection with Association's demurrer. The trial court's May 2022 order awarded fees to Association under Civil Code section 5975, subdivision (c) as the prevailing party in an action to enforce homeowners association governing documents, and also under the vexatious litigant statutes, specifically Code of Civil Procedure sections 391, subdivision (c) and 391.3.

In his statement of issues, Harter contends: (1) due to Association's board's failure to comply with the Davis-Stirling Common Interest Development Act (Davis-Stirling Act; Civ. Code, § 4000 et seq.) and the Common Interest Development Open Meeting Act (Civ. Code, § 4900 et seq.), Association lacked capacity to enter into a contract with its attorneys to enforce dues collection or represent it in related litigation; and (2) the trial court deprived him of his Fourteenth Amendment right of due process by

---

[1] The record reflects Harter was declared a vexatious litigant in 1998 following multiple adverse rulings in lawsuits he had brought against Association. If a self-represented litigant qualifies as vexatious, "a court may enter a prefiling order preventing the self-represented vexatious litigant from filing new litigation without first obtaining permission from the presiding judge or justice where the litigation is to be filed." (*Karnazes v. The Lauriedale Homeowners Assn.* (2023) 96 Cal.App.5th 275, 280; Code Civ. Proc., § 391.7, subd. (a).) We granted Harter's request for permission to appeal only as to the May 27, 2022 postjudgment attorney fee order.

2

placing his case on a " 'fast schedule' " such that he lacked enough time to respond to Association's demurrer and could not propound discovery or inspect and copy corporate records before responding to Association's attorney fee motion.

Limiting our review to the appealed-from May 2022 order, we conclude Harter has not demonstrated the trial court abused its discretion in its fee award to Association, including by denying him a continuance in connection with that motion. We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

Harter in his opening appellate brief acknowledges his appeal is only from the May 2022 order awarding attorney fees. However, he proceeds to recount purported history and asserted wrongdoing by Association and others going back to 1971 with Association's incorporation and development, up to this court's first opinion and an April 2023 order denying his ex parte request for a continuance, which he sought in order to respond to Association's attorney fee motion. Much of the pertinent procedural history leading up to the May 2022 attorney fee order is recounted in our prior appellate opinion (*Harter v. Rancho Rios Homeowners Association*, *supra*, D077119), and we need not repeat it here, except to say that in October 2019, the trial court awarded Association $43,703.18 in attorney fees for its successful demurrer. (*Ibid.*) While Harter referenced that order in his notice of appeal of the demurrer ruling, he did not challenge it in his prior appeal. (*Ibid.*)

This court's remittitur stated that Association was to recover its costs in the sum of $156,476.33. Thereafter, the trial court ordered that Association was to recover costs to be supported by a cost memorandum on appeal; and accordingly, Association filed such a memorandum, seeking costs in the amount of $156,476.33 consisting of $3,358.75 in various fees and

expenses and $153,117.58 in attorney fees. Association also filed a motion for prevailing party attorney fees and costs under Civil Code section 5975 and Code of Civil Procedure sections 391 and 391.3. It asked the court to release $50,000 in security that had been furnished by Harter to partially satisfy the award.

In April 2022, Harter applied ex parte for a six-month continuance of the attorney fee motion. He asked for "additional time to access documents critical to his defense against [Association's attorney fee motion]," specifically minutes (which he demanded from 1972 to the present) and financial records. According to Harter, the minutes would reflect omissions constituting a violation of his right to attend meetings. He sought minutes of the Association's board's decision to hire and substitute counsel, as well as its decision to invoke attorney-client privilege in connection with Association's demurrer. He sought financial records relating to what he claimed was "fraud and/or felony money laundering regarding the reroofing of [specified residential units]."

At the hearing on the ex parte matter, the trial court informed the parties it had read the papers, and invited Harter to add anything not in them. Harter stated, "Well, I think it would be a violation of my [Fourteenth] Amendment [*sic*] if you said no, if you want the truth of it." The court denied Harter's request after Association's counsel pointed out Harter had previously requested such records and the matter was addressed in this

court's appellate opinion, which observed there was no showing having the records would have changed the validity of Association's lien.[2]

Thereafter, Harter opposed the motion. He argued Association's law firm actually represented an "alter ego" entity, and thus Association had "no legal standing before any [c]ourt of equity," making any ruling awarding the requested attorney fees "a miscarriage of justice." Harter also sought access to Association's corporate records, particularly minutes that he claimed he had "a statutory right to inspect and copy 'permanently' under Civil Code Section 5210[, subdivision] (a)(2)" as well as "a continuance to allow [him] to propound discovery as needed so that justice is served." He argued that absent an opportunity to conduct discovery, the court would violate his due process rights. Harter asserted the minutes would show Association "is being operated under alter ego Association practices and procedures instead of [Open Meeting Act] practices and procedures" and would evidence a "conspiracy to circumvent the Open Meeting Act and/or defraud the corporate principal." (Some capitalization omitted.) Harter claimed "irregularities" in Association's actions and contracts, including those between Association and its counsel or insurance carriers, positing that Association had improperly called an emergency meeting to hire new attorneys but he had no proof because Association "refused and continues to refuse to grant [him] access to [its] minutes and/or books and records." He also claimed Association's board lacked the authority to authorize a collection action or enforce its collection

---

[2] At the cited portion of this court's opinion, we addressed Harter's contention that Association improperly refused him to inspect its contract with counsel by asserting attorney-client privilege, and rejected it "because [Harter] has not demonstrated how any purported failure to permit [him] to inspect such contract would invalidate the lien or permit Harter to state his claim for declaratory relief or to set aside the foreclosure sale."

5

rights against him, in part because it never properly established assessment dues due dates.

In reply, Association pointed out Harter had not opposed its right to recover attorney fees and costs under the Davis-Sterling Act or under the vexatious litigant statutes, nor had he challenged the reasonableness of the fees it had requested. It asked the court to award its requested fees and costs, and to release the full $50,000 in security to satisfy the award.

The court granted the motion, awarding Association $156,476.33, and stating "[t]his award supersedes and is inclusive of the $43,703.18 awarded on October 11, 2019." It ordered release of the $50,000 security to partially satisfy that amount.[3] Harter filed this appeal.

## DISCUSSION

### I. *Legal Principles and Standard of Review*

Civil Code section 5975, subdivision (c) of the Davis-Sterling Act provides: "In an action to enforce governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs." In general, this court will review for abuse of discretion a lower court's decision as to who is the prevailing party entitled to fees under that statute. (See *Artus v. Gramercy Towers Condominium Assn.* (2022) 76 Cal.App.5th 1043, 1050; *Rancho Santa*

---

[3] The court reasoned: "Association has a right to recover its attorneys' fees. Under Civil Code section 5975[, subdivision] (c), the prevailing party in an action to enforce a homeowners association's governing documents 'shall be awarded reasonable attorney's fees and costs.' Further, because [p]etitioner is a vexatious litigant and was ordered to furnish security in this action before he could proceed, the vexatious litigant statutes themselves authorize an award of attorney's fees in favor of [Association]. . . . Petitioner has not provided any reason to deny these fees. [¶] After reviewing the declarations and exhibits substantiating the fees incurred, the court finds that the request is reasonable."

6

*Fe Assn. v. Dolan-King* (2004) 115 Cal.App.4th 28, 46 [applying review standard under predecessor statute].) "As to what such showing requires, it has been described in terms of a decision that 'exceeds the bounds of reason' [citation], or one that is arbitrary, capricious, patently absurd, or even whimsical." (*Artus*, at p. 1051.) "A ruling that constitutes an abuse of discretion has been described as one that is 'so irrational or arbitrary that no reasonable person could agree with it.' " (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773; *Artus*, at p. 1051.)

## II. *Harter Does Not Establish the Court Abused its Discretion in Awarding Association Attorney Fees and Costs*

At the outset, we emphasize that our appellate jurisdiction is " 'limited in scope to the notice of appeal' " (*Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 846), and the May 2022 attorney fee order identified therein. We will not liberally construe notices of appeal in favor of their sufficiency (Cal. Rules of Court, rule 8.100(a)(2)) as to unspecified orders. (*In re J.F.* (2019) 39 Cal.App.5th 70, 76; *Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 225-226.) Additionally, we presume the court's order is correct, and that judicial duty is properly performed; that the court below knows and applies the correct statutory and case law, and will ignore material it knows is incompetent, irrelevant, or inadmissible. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141; *S.Y. v. Superior Court* (2018) 29 Cal.App.5th 324, 333; *In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1526.) "In order to obtain a reversal of [an order], an appellant bears the burden of demonstrating not only that the trial court committed error but also that the error was prejudicial. [Citation.] 'Prejudice is not presumed.' " (*D.D. v. Pitcher* (2022) 79 Cal.App.5th 1047, 1057.)

7

Harter's arguments on appeal do not address the relevant standard of review.  They do not touch on the court's prevailing party determination.  Harter does not challenge the reasonableness of the amount of fees awarded.  Absent meaningful analysis on these points targeted to the abuse of discretion standard, Harter does not establish the court's ruling was so unreasonable, irrational or arbitrary as to warrant disturbing its attorney fees and costs award.

Rather, Harter reiterates his contention that Association is operating in violation of Davis-Sterling Act or Open Meeting Act requirements.  He complains about the lower court setting the case on a schedule that prevented him from having enough time to respond to Association's demurrer.  In reply, he accuses Association directors of committing crimes under the Corporations Code, or perpetrating a "fraud on the court" by providing unspecified false and misleading information.  (Capitalization omitted.)  None of these arguments warrant reversal of the attorney fee order.

We have scoured Harter's brief to locate arguments pertinent to the appealed-from order.  The sole argument is cursory and undeveloped: that the lower court "denied [his] ex parte request for a [six-]month continuance so he could better defend himself against [Association's] motion for attorney fees in the amount of $156,476.33 by exercising his Civil Code section 5200 et seq rights . . . ."  Harter says that during the April 2022 ex parte hearing, he raised the United States Constitution's Fourteenth Amendment.  Such an argument does not establish error or make the required showing of prejudice.  (*Munoz v. Patel* (2022) 81 Cal.App.5th 761, 773 [absence of cogent argument supported by legal analysis allows the appellate court to treat the contention as forfeited]; *D.D. v. Pitcher*, *supra*, 79 Cal.App.5th at p. 1057 [to determine prejudice court asks "whether it ' "is reasonably probable that a result more

8

favorable to the appealing party would have been reached in the absence of the error" ' "].)  Harter does not explain what information he needed so as to better defend himself, or why, with it, it is reasonably probable he would have achieved a better result on the attorney fee issue.

We note that at the hearing on the attorney fee motion, Harter claimed a need for documents that was somehow impacted by the pendency of another proceeding before a different superior court judge.  But his arguments left the documents unspecified.  When the court invited argument, Harter said:  "I think the order is violating my [Fourteenth] Amendment right, because there's been a lot of changes.  And I  brought in the order for Judge [Braner] . . . as a supplemental declaration, and he took their motion and—for consolidation and . . . put it off on your courtroom and didn't make a ruling. And now, because I can't get documents through my writ, we're now ruling. I've got . . . no way of contesting this with documents . . . .  [¶] . . . [¶]  And I'm unable to take this writ of mandate to get corporate records fulfilled by Judge Braner.  . . .  [¶] . . . [¶]  . . . [Judge Braner] has set this off on you [Judge Sturgeon] and said, if this is a related case, let Judge Sturgeon rule on this. So this is floating around in never never land and you've made a ruling.  And I'm unable to get a hold of the documents to be able to contest it on its merits and I'm saying, well, this shouldn't be, under the [Fourteenth] Amendment . . . .  [¶]  There's a case that's right on this.  This is the case, *In re Marriage of Siegel* [(2015)] 239 Cal.App.4th 944.  It says, due process requires affording the litigant the reasonable opportunity, by continuous [*sic*] or otherwise, to respond to evidence or arguments that is new, surprising and relevant.  [¶] And this is all new and surprising that I wasn't able to get these documents timely so I could put them into the complaint.  So I would like a continuance

9

or a stay. And the documents that the [Association] put in, they were seeking a stay also with their related cases, so I don't see a problem with it."

Association's counsel explained that Harter had a hearing on calendar related to a writ petition pending in Judge Braner's department, but because Association was not afforded adequate notice of the hearing date, the court vacated it. He explained that Harter then took an appellate writ, but was denied leave under the vexatious litigant statutes to litigate the matter. Counsel stated that Association had merely filed a notice of related cases in that department asking the matter be transferred to Judge Sturgeon. The court asked Harter if he had anything to add, and he did not.

We are cognizant that " '[u]nnecessary continuances are wasteful, nonproductive, time-consuming and a fertile ground for criticism by the public of the courts.' " (*Gardner v. Superior Court* (1986) 182 Cal.App.3d 335, 339.) "Trial courts generally have broad discretion in deciding whether to grant a request for a continuance." (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527; see also *Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984.) "[A]n abuse of discretion results in reversible error only when the denial of a continuance results in the denial of a fair hearing, or otherwise prejudices a party." (*Freeman*, at p. 527.) This court "may not disturb the exercise of discretion by a trial court in the absence of a clear abuse thereof appearing in the record. [Citation.] The burden rests on the complaining party to demonstrate from the record that such an abuse has occurred." (*Fortmann*, at p. 984.) Harter's observation that the court denied his request for continuance, and his assertion that he raised the Fourteenth Amendment, does not establish either a clear abuse of discretion or prejudice from the court's denial of his request.

10

DISPOSITION

The order awarding Rancho Rios Homeowners Association attorney fees and costs is affirmed.


O'ROURKE, Acting P. J.

WE CONCUR:


IRION, J.


DO, J.